In the Matter of CLARA B. PARDEE, Petitioner, against MAURICE FINKELSTEIN et al., Individually and Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents

Supreme Court, Special Term, New York County, December 7, 1948.

*Milo O. Bennett* and *Herbert Burton Brill* for petitioner.

*Nathan W. Math, William L. Messing, Joseph Jay, Stanley Buchsbaum* and *Alfred Weinstein* for respondents.

LEVY, J. This is an application to compel the temporary city housing rent commission of the city of New York to issue a certificate of eviction to petitioner. The latter claims that she seeks in good faith to recover possession of the four-story-and-basement private house owned by her for the immediate purpose of withdrawing it from the rental market.

Local Law No. 66 of 1947 of the City of New York authorizes the commission to issue a certificate of eviction only in certain contingencies specified in paragraphs (1) to (4), inclusive, of subdivision c of section U41-7.0 of the Administrative Code of the City of New York. Said paragraphs do not include authority to issue a certificate of eviction in a case where the owner of property used for dwelling purposes seeks the eviction for the purpose of withdrawing the property from the rental market. To grant the present application would be to require the commission to issue a certificate in direct contravention of the local law. The court may not direct the commission to do something which it is not legally authorized to do.

It is unnecessary, in view of the conclusion reached, to consider the contention of petitioner that it would be unconstitutional to require her to obtain a certificate of eviction in order to procure possession of her own property for the purpose of withdrawing it from the rental market. Assuming, without deciding, that petitioner's contention is correct, her remedy is not an application to compel the commission to issue a certificate which the local law does not authorize it to issue. Her remedy would seem to be the institution of a summary proceeding or action to obtain possession of the property without the certificate required by subdivision c of section U41-7.0 of the Administrative Code, on the theory that the requirement of such a certificate in a case where the owner seeks possession for the purpose of withdrawing the property from the rental market is unconstitutional. The unconstitutionality of the local law in requiring a certificate of eviction in cases other than those specified in paragraphs (1) to (4) of subdivision c, would not, however, have the effect of authorizing the commission to issue a certificate in cases not specifically authorized by the local law.

The motion to compel the issuance of a certificate of eviction is accordingly denied.