LOAB ESTATES, INC., Landlord, Appellant, *v.* '' MARY '' DRUHE et al., Tenants, Respondents.

LOAB ESTATES, INC., Landlord, Appellant, *v.* '' JOHN '' PAYNE et al., Tenants, Respondents.

LOAB ESTATES, INC., Landlord, Appellant, *v.* '' EDGAR '' SYMINGTON et al., Tenants, Respondents.

Argued November 29, 1949; decided December 29, 1949.

*Jesse Hemley* for appellant. I. The New York laws are unconstitutional as applied to appellant since they prevent appellant from withdrawing from the business of renting and deprive it of its property in violation of the Fourteenth Amendment. (*People ex rel. Durham Realty Corp.* v. *La Fetra,* 230 N. Y. 429; *Martin* v. *District of Columbia,* 205 U. S. 135; *Wolff Packing Co.* v. *Court of Ind. Relations of Kansas,* 262 U. S. 522; *Central Sav. Bank* v. *City of New York,* 279 N. Y. 266; *Bowles* v. *Willingham,* 321 U. S. 503; *Yakus* v. *United States,* 321 U. S. 414; *Taylor* v. *Bowles,* 145 F. 2d 833; *Wilson* v. *Brown,* 137 F. 2d 348; *Matter of Wong* v. *Finkelstein,* 299 N. Y. 205; *Ullmann Realty Co.* v. *Tamur,* 113 Misc. 538; *Noble State Bank* v.

*Haskell,* 219 U. S. 104.) II. The New York laws conflict with the policy and letter of Federal law in failing to permit withdrawal of property from the rental market and to that extent are invalid under section 2 of article VI of the Federal Constitution. (*Matter of Tartaglia* v. *McLaughlin,* 297 N. Y. 419.)

*Henry G. McDonough* and *Frank J. Durkin* for respondents. I. Local Law No. 66 of 1947 of the City of New York does not violate the Fourteenth Amendment of the Constitution of the United States and is a valid exercise of the police power. (*Home Bldg. & Loan Assn.* v. *Blaisdell,* 290 U. S. 398; *People* v. *Nebbia,* 262 N. Y. 259, 291 U. S. 502; *Block* v. *Hirsh,* 256 U. S. 135; *Marcus Brown Holding Co.* v. *Feldman,* 256 U. S. 170; *Levy Leasing Co.* v. *Siegel,* 258 U. S. 242.) II. The local law does not conflict with the Federal law and does not violate section 2 of article VI of the Federal Constitution. (*Matter of Wong* v. *Finkelstein,* 299 N. Y. 205; *Matter of Recknagel,* 275 App. Div. 684.) III. The local law provides a remedy for appellant and he must apply for a certificate of eviction pursuant to said law. (Administrative Code, § U41–7.0, subd. d.)

*Nathan W. Math, Joseph Jay, Stanley Buchsbaum* and *Alfred Weinstein* for temporary city housing rent commission, *amicus curiæ,* in support of respondents' position. I. There is no conflict between Federal law or regulation and the local law. (*Matter of Tartaglia* v. *McLaughlin,* 297 N. Y. 419; *Matter of Molnar* v. *Curtin,* 273 App. Div. 322, 297 N. Y. 967; *Matter of Wallach* v. *Ross,* 298 N. Y. 806; *Matter of Recknagel,* 275 App. Div. 684; *Savage* v. *Jones,* 225 U. S. 501; *Algoma Plywood & Veneer Co.* v. *Wisconsin Employment Relations Bd.,* 336 U. S. 301.) II. The local law should be sustained as a valid exercise of the police power. (*Block* v. *Hirsh,* 256 U. S. 135; *Marcus Brown Holding Co.* v. *Feldman,* 256 U. S. 170; *Taylor* v. *Bowles,* 145 F. 2d 833; *Wilson* v. *Brown,* 137 F. 2d 348; *Bowles* v. *Willingham,* 321 U. S. 503; *Home Bldg. & Loan Assn.* v. *Blaisdell,* 290 U. S. 398; *Lincoln Fed. Labor Union* v. *Northwestern Iron & Metal Co.,* 335 U. S. 525; *Olsen* v. *Nebraska,* 313 U. S. 236; *Guttag* v. *Shatzkin,* 113 Misc. 362.)

BROMLEY, J. Appellant landlord challenges the validity of those provisions of the Administrative Code of the City of New

York which restrict the right of landlords to evict tenants from " apartments in the city " (Administrative Code of City of New York, § U41-7.0, subd. c, as validated by L. 1948, chs. 4, 699). That challenge is levelled at the local law as it read before the amendment of October, 1949 (Local Laws, 1949, No. 73 of City of New York; see *F. T. B. Realty Corp.* v. *Goodman,* 300 N. Y. 140, decided today). By omitting to permit eviction for the purpose of withdrawing accommodations permanently from the rental market, or for the purpose of demolishing the accommodations and adapting the property to other commercial uses unless the landlord has made provision for relocating his tenants in comparable quarters at rents no greater than they have paid, the local law is said to be in fatal conflict with Federal legislation on the subject and to offend against the due process clause of the Fourteenth Amendment to the Federal Constitution.

Appellant desires to evict twenty-nine families from three apartment houses in order to demolish the buildings and construct a loading platform for its adjacent warehouse. The landlord has not made provision for relocation of its tenants, an essential condition under the local law upon its right to a certificate of eviction for that purpose (Administrative Code of City of New York, § U41-7.0, subd. g). Since the temporary city housing rent commission could not have granted an eviction certificate under those circumstances, appellant properly sought to challenge the local law by these dispossess proceedings in the Municipal Court (see *Matter of Wong* v. *Finkelstein,* 299 N. Y. 205, and *Matter of Pardee* v. *Finkelstein,* 193 Misc. 269, affd. 275 App. Div. 659), and the direct appeals from that court's orders of dismissal are proper since they present only constitutional questions (Civ. Prac. Act, § 588, subd. 4).

The asserted conflict with Federal law is without substance. We consider that law as it stands today (see *Quaker Oats Co.* v. *City of New York,* 295 N. Y. 527, 536); and the only inhibition upon eviction from controlled accommodations is found in a regulation of the Federal Housing Expediter (Controlled Housing Rent Regulation for the New York City Defense-Rental Area, § 825.21 *et seq.,* 14 Federal Register 1574 *et seq.*; see Housing and Rent Act of 1949, § 206; U. S. Code, tit. 50, Appendix, § 1899) together with a declaration " that no provisions of this

section shall be construed to authorize the removal of a tenant unless such removal is authorized under local law.'' In the face of that language we could not hold that a restriction established by local law conflicts with the letter or policy of the Federal law (see *Dickson* v. *Uhlmann Grain Co.,* 288 U. S. 188, 198–200; *Matter of Tartaglia* v. *McLaughlin,* 297 N. Y. 419, 425–426). Section 301 of the Federal statute (Public Law 31, ch. 42, 81st Cong., 1st Sess.) merely declares the effect of that law — that it shall not '' be construed to require any person to offer any housing accommodations for rent '' — and it cannot be read as imposing a national policy upon the States.

Appellant's chief contention is that the local law deprives a landlord of property without due process of law, because it denies to him the power to withdraw his property from the rental market. Conceding that the issue may be posed thus — for the condition upon appellant's right to evict its tenants for the purpose alleged below should be regarded as prohibitive under the present emergency — the argument, nevertheless, must fail. Similar restrictions upon the power of a landlord, induced by an earlier and lesser emergency, were said to fall within the lawful scope of '' the police power in its proper sense, under which property rights may be cut down, and to that extent taken, without pay '' (*Block* v. *Hirsh,* 256 U. S. 135, 155–158). Confronted with the threat of '' chaos and confusion '' (Administrative Code of City of New York, § U41–7.0, subd. a), and impelled to balance the conflicting interests of landlords and tenants in possession, the city council and Legislature have concluded that the former must suffer a temporary restraint upon the right to withdraw their property from the rental market. Appellant does not contend that it has been deprived of a reasonable return upon its property (see *Bowles* v. *Willingham,* 321 U. S. 503, 517), nor has it challenged the existence of an emergency (see *Chastleton Corp.* v. *Sinclair,* 264 U. S. 543, 547). As legislation designed to meet an immediate and pressing exigency, the local law cannot be held to operate as a '' taking '' of appellant's property without due process of law.

The orders should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD. JJ., concur.

Orders affirmed.