STELLA DEKRONE, Plaintiff, v. EMANUEL BUSSITH, Defendant, and JOSEPH D. McGOLDRICK, as State Rent Administrator, Intervener, Defendant.

Supreme Court, Special Term, Queens County, November 30, 1950.

*Nathaniel L. Goldstein, Attorney-General (Emory Gardiner* of counsel), for intervener, defendant.

*Milo O. Bennett* for plaintiff.

*Armen D. Anderson, Jr.,* for defendant.

HALLINAN, J. In this action for a declaratory judgment, in which plaintiff seeks to have declared unconstitutional the Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1950, ch. 250) and the Rent and Eviction Regulations promulgated by

the Temporary State Housing Rent Commission, pursuant thereto, the State Rent Administrator, by the Attorney-General, has moved to dismiss the complaint; first, for legal insufficiency, and second, for failure to state facts sufficient to justify the court's exercise of its discretionary jurisdiction, and the plaintiff has cross-moved for judgment on the pleadings.

The second ground of the motion of the State Rent Administrator is denied since the remedy of a declaratory judgment is peculiarly appropriate in cases such as this where a constitutional question is involved and there is totally lacking any question of fact. (*Dun & Bradstreet,* v. *City of New York,* 276 N. Y. 198, 206–207.)

As to the merits, although a declaration of unconstitutionality of the law and the regulations in their entirety is sought by the plaintiff, her attack is actually directed against subdivision 2 of section 4 and subdivision 4 of section 9 of the law and sections 12 and 59 of the regulations. Since subdivision 4 of section 9 of the law and section 12 of the regulations are virtually identical, only the former is here set forth. That section provides: " Nothing in this act shall be construed to require any person to offer any housing accommodations for rent, but housing accommodations already on the rental market may be withdrawn only after prior written approval of the state rent commission, if such withdrawal requires that a tenant be evicted from such accommodations."

Section 59 of the regulations, which implements subdivision 4 of section 9 of the law, provides: " A certificate shall be issued where the landlord establishes that he seeks in good faith to recover possession of the housing accommodations because of an immediate and compelling necessity and exceptional circumstances, and the continued operation of the housing accommodations by the landlord will impose undue hardship on him. The landlord must further establish that he intends to permanently withdraw them from both the housing and non-housing rental markets without any intent to sell the housing accommodations."

Specifically, the constitutional grounds of attack here urged by plaintiff are: (1) that her property is being taken without due process of law; (2) that she is being denied equal protection of the laws; (3) that her property is being taken for a public use without just compensation; (4) that she is being forced to render services in violation of the constitutional prohibition against involuntary servitude, and (5) that there is an unwarranted delegation of legislative power. It is evident that those

grounds are as a whole "the familiar objections which are addressed to the court whenever the exercise of legislative power on private rights is in question." (*People ex rel. Durham Realty Corp.* v. *La Fetra,* 230 N. Y. 429, 442 [POUND, J.].) Without belaboring the point, suffice it to say that those objections are as devoid of merit here as they have in similar cases been held to be in the past. (*Bowles* v. *Willingham,* 321 U. S. 503; *Block* v. *Hirsh,* 256 U. S. 135; *Marcus Brown Co.* v. *Feldman,* 256 U. S. 170; *Loab Estates* v. *Druhe,* 300 N. Y. 176; *People ex rel. Durham Realty Corp.* v. *La Fetra, supra.*)

In the *Loab Estates* case (*supra*) the Court of Appeals held, in a situation closely analogous to that here presented, that the omission of an unrestricted clause permitting withdrawal of occupied rental accommodations from the rental market did not render the local law unconstitutional. "Confronted with the threat of ' chaos and confusion ' ", said that court (p. 180), " and impelled to balance the conflicting interests of landlords and tenants in possession, the city council and Legislature have concluded that the former must suffer a temporary restraint upon the right to withdraw their property from the rental market."

In the case at bar the Legislature, after finding as it did that " a serious public emergency exists in the housing of a considerable number of persons in the state of New York " (State Residential Rent Law, § 1), a finding not here seriously challenged, similarly concluded that landlords must suffer a temporary restraint upon the right to withdraw their property from the rental market. That the Legislature delegated to the State Rent Commission the authority to prescribe the mechanics for implementing its conclusion renders neither the delegation of the power (§ 4) nor the manner in which the delegated power was exercised (§ 59) unconstitutional. In the opinion of this court the conditions imposed by the State Rent Commission in section 59 of its Regulations on the right of a landlord to obtain a certificate permitting him to withdraw occupied housing accommodations from the rental market are no more objectionable than the condition, sustained by the Court of Appeals in *Loab Estates, Inc.* v. *Druhe* (*supra*) where a landlord had to make provision for relocating his tenants in comparable quarters at rents no greater than those paid to him.

In the words of Judge POUND in *People ex rel. Durham Realty Corp.* v. *La Fetra* (*supra,* p. 443), " Either the rights of property and contract must when necessary yield to the public

convenience, advantage and welfare, or it must be found that the state has surrendered one of the attributes of sovereignty for which governments are founded and made itself powerless to secure to its citizens the blessings of freedom and to promote the general welfare."

In addition to the foregoing the fundamental policy of courts of original jurisdiction is that they will most cautiously and only upon a clear showing declare a law unconstitutional, especially " where the law is of great importance and far-reaching effect " (*Garcia* v. *Pan American Airways,* 183 Misc. 258, 259–260, affd. 269 App. Div. 287, affd. 295 N. Y. 852, certiorari denied 329 U. S. 741).

Accordingly, the motion of the plaintiff is denied and judgment on the pleadings directed to be entered for the State Rent Administrator pursuant to section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice.

Proceed on notice.