George Tilzer, J.
This is a proceeding in the nature of mandamus pursuant to article 78 of the Civil Practice Act. The petitioners are Freethinkers of America, Inc., a membership corporation, and one Joseph Lewis, individually and as president of the said corporation. They seek an order to direct the Attorney-General of the State of New York to institute appropriate proceedings to compel the Port of New York Authority to cancel and annul certain-leases for the erection and maintenance of religious chapels at Idlewild International Airport in New York City for the practice of the three major faiths. It is alleged that such leases were made at nominal rentals and that this constitutes in effect a donation of public lands for religious use in violation of the State and Federal Constitutions with respect to the principle of separation of church and State. The Attorney-General has cross-moved in accordance with section 1293 of the Civil Practice Act to dismiss the petition on the ground that it does not state facts sufficient to entitle the petitioners to the relief requested. Various grounds for dismissal are urged by both the respondent Attorney-General and the Port of New York Authority.
For the purposes of this decision only one main ground for dismissal need be considered involving the power of this court to grant the relief requested by the petitioners. The only basis for the relief sought is found in chapter 301 of the Laws of 1950 which contains therein the consent of the State to suits against the Port Authority, without which the Authority, as a bi-State agency, would be immune from suit (Bush Term. Co. v. City of New York, 152 Misc. 144; 81 C. J. S., States, § 101). The particular statute involved here is section 5 of chapter 301 which reads as follows: ‘ ‘ The foregoing consent does not extend to suits, actions or proceedings for judgments, orders or decrees restraining, enjoining or preventing the port authority from committing or continuing to commit any act or acts, other than suits, actions or proceedings by the attorney general of New York or by the attorney general of New Jersey — each of whom is hereby authorized to bring such suits, actions or proceedings in his discretion [emphasis supplied] on behalf of any person or persons whatsoever who requests him so to do except in the cases excluded by sections two, three and four of this act ”.
*436 Tlie clear purport of the foregoing section is the denial to ini vidual litigants of the right to seek to enjoin Port Authority action. This right is given only to the Attorney-General who may, in his discretion, bring such suit on behalf of any individual. The clear question therefore involved here is whether the exercise of such discretion may be compelled by judicial mandate. In answer to this question, the law of this State is crystal clear — this court does not have the power to interfere with or control the discretion lodged in the Attorney-General of the State of New York — no more than this court has the power to substitute its judgment for that of the District Attorney as to whether or not a prosecution be instituted (People v. Flori, 301 N. Y. 46, 53). In People ex rel. Peabody v. Attorney-General (22 Barb. 114) expressly followed in People ex rel. Demarest v. Fairchild (67 N. Y. 334) the court said (p. 118): “ The power of determining whether the action shall be commenced must exist somewhere. * * * Our legislature has seen fit to invest the attorney general with this discretion. His office is a public trust. It is a legal presumption that he will do his duty; that he will act with strict impartiality. In this confidence he has been endowed with a large discretion, not only in cases like this, but in other matters of public concern. The exercise of such discretion is, in its nature, a judicial act, from which there is no appeal, and over which courts have no control.”
In the Demarest case, a mandamus proceeding, the Court of Appeals further said (p. 337): “ The attorney-general may have erred in judgment, and for this there is no remedy. If he has acted corruptly or from unworthy motives and the legal rights of the relator have been prejudiced this is not an appropriate remedy.”
Again in People v. Ballard (134 N. Y. 269, 293) the Court of Appeals reiterated the rule in this language: “We think that the question as to what the public interests require is committed to the absolute discretion of the attorney-general, and that it cannot be made the subject of inquiry by the courts. If he abuses the great power intrusted to him, a remedy may be found in his removal from office, or in the election of a successor worthy of the high postion.” (To the same effect, see Lewis v. Goldstein, 280 App. Div. 769, motion for leave to appeal dismissed 304 N. Y. 739; Hassan v. Magistrates’ Court of City of N. Y., 20 Misc 2d 509 and cases cited therein.)
Another bar to the granting to these petitioners of the relief sought, assuming such power in this court, involves the State’s declared policy not to waive the Port Authority’s immunity *437 from injunctive suit by private individuals. This legislative intent would be wholly frustrated if, as contended, the Attorney-General is required to automatically institute such suit merely because an individual who would have no standing to sue directly on his own behalf demands that the Attorney-General bring such suit for him. The clear policy of the two States to have their highest law officers screen access to the courts for injunctions against the Port Authority manifestly requires the absolute right in such law officers to bring such injunctive suits only in those particular cases where in their discretion such action would seem warranted. Anything else would be an infringement of the basic principle of sovereign immunity.
In view of the foregoing, it does not become necessary to consider the other serious grounds urged for dismissal of the petition, namely, that the allegation of ‘ ‘ nominal consideration ’ ’ for the aforesaid leases is wholly conclusory and unsupported by allegations of fact, and that the petitioners are not parties aggrieved within the purview of article 78 of the Civil Practice Act. It might however be noted that the Port Authority does point out one fact that, although dehors the record, indicates the lack of bona fides in the bringing of this proceeding — the rental charged for the leaseholds involved here was the going rate for all airport rentals at the time the first leasehold was entered into for a chapel at the airport. The petition is accordingly dismissed.