Van Voorhis, J.
(concurring). The only question involved on this appeal is, as it seems to me, whether the portion of section 309 of the Multiple Dwelling Law is constitutional which provides for the correction of conditions in deteriorated and deteriorating dwellings of such nature as to endanger the life, health and safety of the occupants, by the appointment of a receiver to apply the rents to the rectification of these conditions. I believe this statute to be constitutional under the police power in view of its relation to the public health and safety due to the need to eliminate such conditions for the protection of the occupants of such buildings. Where I part company with the opinion by Judge Fuld is that I do not subscribe to the dicta therein contained to the effect that it is constitutional by this means to require owners of such buildings to repair them, not merely for the protection of the occupants, but to increase the *304 supply of housing accommodations. Owners of multiple dwellings may not legally be permitted to utilize them for the purpose of economic gain unless they are rendered sanitary and safe, but this has nothing to do with preventing an owner from demolishing the building at his election or from withdrawing his property from the rental market. This question was reserved in Matter of Emray Realty Corp. v. McGoldrick (307 N. Y. 772) and it is neither necessary nor suitable to decide it on this appeal where the question is not presented. The case of Loab Estates v. Druhe (300 N. Y. 176) is distinguished in the dissenting opinion in Suppus v. Bradley (278 App. Div. 337, 340) nor, insofar as I am aware, has this court ever repudiated the reasoning of that dissent insofar as withdrawal from the market is concerned.
Chief Judge Desmond and Judges Dye, Burke, Scileppi and Bergan concur with Judge Fuld; Judge Van Voorhis concurs in a separate opinion.
Order affirmed.