*877 OPINION OF THE COURT
Martin Schoenfeld, J.
Motions numbered 1 and 43 on the calendar dated December 10, 1990 are consolidated herein for disposition.
In motion number 1 defendants Richard Higgins (Commissioner of the Department of Housing and Community Renewal [DHCR]) and Robert Abrams (New York State Attorney-General) move pursuant to CPLR 3211 (a) (7) to dismiss the complaint against them. In motion number 43 defendant City of New York also moves to have the complaint dismissed as against it.
The instant dispute stems from the fact that plaintiff owns a four-story rowhouse at West 70th Street in New York City wherein two apartments are subject to the Rent Control Law and its regulations. In this declaratory judgment action plaintiff asserts five causes of action based upon Administrative Code of the City of New York § 26-408 and New York City Rent and Eviction Regulations (9 NYCRR) § 2204.9 which she claims are violative of her United States and State constitutional rights. Specifically the first cause of action alleges a constitutional violation of plaintiff’s right to go out of the business of being a landlord, the second alleges a physical taking of her private property, the third alleges a regulatory taking, the fourth asserts a violation of her Thirteenth Amendment right to be free from involuntary servitude and lastly the fifth alleges a due process violation.
Defendants Higgins and Abrams contend that although Attorney-General Abrams has a right to defend in this instance as a matter of law the complaint must be dismissed against him because he is not a proper party since he is not charged with the enforcement of either law being challenged by plaintiff. Defendants assert that the complaint should also be dismissed in its entirety because plaintiff has failed to set forth facts supporting the absence of a legal remedy or that an actual controversy exists. Defendants note that even if this court considers the complaint, plaintiff’s allegations must be viewed as an on its face challenge rather than as applied to her. They assert that similar challenges to the rent control law such as those herein have been struck down by the courts in the past and thus each of plaintiff’s claims must be seen to lack merit as a matter of law.
Defendant City of New York in support of its motion has made similar or identical arguments to those of defendants *878 Higgins and Abrams. Defendant city notes that plaintiff is not being compelled to maintain a rental business or continue being a landlord and is free to go out of business by selling her property; but that she has no absolute constitutional right which allows her to evict her existing rent-controlled tenants in order to withdraw her property from the housing market.
In opposition, plaintiff claims that she does not challenge the provisions of the Sound Housing Act (L 1974, ch 1022, as amended) or the Rent and Eviction Regulations insofar as they recite remedies available to other owners who wish to use the specified grounds to evict tenants; but rather that her challenge is directed to the total absence of any remedy to those such as her who just wish to cease being a landlord now and forever. Plaintiff states that she has not failed to exhaust any remedies because there are no remedies she may pursue. She contends that the rent control law does not provide any method to proceed in court or before the DHCR to demonstrate her good faith and credibility which underlie her desire to go out of the rental business.
Preliminarily this court notes that although the State Attorney-General may defend in this action he was not appropriately named as a party defendant since he is not charged with the enforcement of either law or regulation herein being challenged (Federal Natl. Mtge. Assn. v Lefkowitz, 383 F Supp 1294, 1296 [1974]).
On the merits this court agrees with defendant to the extent that plaintiff’s challenges must be treated as a facial attack rather than an "as applied” attack since she does not claim defendants have made any specific determination regarding her own situation in relation to the provisions of the statute. However, the court disagrees with defendants to the extent that it finds an actual controversy does exist with respect to such a facial challenge of both the rent control law and its regulations. As explained by plaintiff, any attempt to procure a certificate of eviction would be futile since she does not qualify to do so under any ground enumerated in the cited law or regulation.
In order to establish a facial challenge plaintiff must establish that there is no set of circumstances under which the Act or regulations would be valid (United States v Salerno, 481 US 739 [1987]), and that its mere enactment constitutes a taking (Keystone Bituminous Coal Assn. v DeBenedictis, 480 US 470 [1987]). A declaratory judgment action has been found to be *879 the appropriate vehicle where there is the presence of a constitutional question on the validity or meaning of a statute and the absence of a question of fact (King v Power Auth., 44 AD2d 74, 77 [1974]). In such a case a complaint will not be dismissed merely because, on the face of the allegations, it appears that plaintiff is not entitled to the declaration of rights sought, rather the parties’ rights should be declared whatever they may be (supra).
The law and regulations presently under review herein include Administrative Code § 26-408 and New York City Rent and Eviction Regulations (9 NYCRR) § 2204.9. Section 26-408 (b) specifies that to proceed with eviction a landlord must obtain a certificate of eviction and that certain conditions must be met to obtain a certificate. Section 26-408 (b) (5) (a) states in pertinent part that no application for a certificate of eviction for the purpose of demolition and new construction or because continued operation would impose undue hardship: "shall be granted by the city rent agency [now the DHCR] unless [it] finds that there is no reasonable possibility that the landlord can [otherwise] make a net annual return of eight and one-half per centum of the assessed value of the subject property”.
Rent and Eviction Regulations § 2204.9 permits housing accommodations to be withdrawn from the rental market in four circumstances: (1) when the landlord needs the accommodation for use in a business; (2) when they are in such a condition that they are dangerous; (3) when the landlord is a nonprofit or charitable organization and needs the accommodation to advance its purpose, and (4) when continued operation would result in undue hardship to the landlord.
Plaintiff herein has made it clear that she is not attempting to challenge the law and regulations insofar as they provide remedies to those landlords who wish to and can qualify for relief under the foregoing specified grounds; but rather disputes the extent to which there is a total absence of any remedy to a landlord who does not so qualify but just wants to cease being a landlord altogether. Although an individual ordinarily has a constitutional right to engage in business and to discontinue it if she wants to, such a right is regulated by the State under its police power to ensure that a party’s act in ceasing her business does not injure the public or a substantial group of people (Birnbaum v State of New York, 73 NY2d 638 [1989]). Indeed, both the New York State Court of Appeals and the United States Supreme Court have upheld rent con *880 trol and similar housing regulations including restriction on rent and evictions as a valid exercise of police power to protect public health, safety and the general welfare (Bowles v Willingham, 321 US 503 [1944]; Pennell v San Jose, 485 US 1; Loab Estates v Druhe, 300 NY 176, 180 [1949]). Examination of the facts as set forth in this instance leads to the conclusion that plaintiff can fare no better. Although plaintiff may not like the options available to her, she is free to sell the property at any time and under both the rent control law and its regulations may cease doing business under enumerated circumstances, including that she be able to earn at least an 81/2% profit on the property.
In plaintiff’s second cause of action she alleges that a physical taking has resulted. Such has only been found by the Supreme Court where there has been a permanent physical occupation of an owner’s property by the government or a third party (Loretto v Teleprompter Manhattan CATV Corp., 458 US 419, 428 [1982]). Plaintiff cannot meet such a test since her tenants already reside at the premises and cannot be considered third parties. In fact the Supreme Court in Loretto noted that it has consistently affirmed the State’s power to regulate housing and the landlord-tenant relationship without paying compensation for economic injuries and that rent control does not include government authorization for the permanent occupation of the landlord’s property by a third party (supra, at 440). Nor does plaintiff have any cause of action for a physical taking under the State Constitution. While finding that a statutory regulation which required landlords to rent their property to persons not already in residence was a compensable physical taking, the New York Court of Appeals in Seawall Assocs. v City of New York (74 NY2d 92, 105 [1989]) stated: "The rent-control and other landlord-tenant regulations that have been upheld by the Supreme Court and this court merely involved restrictions imposed on existing tenancies where the landlords had voluntarily put their properties to use for residential housing.”
The court further noted that unlike the law it was striking down based on the nature of the intrusion itself, i.e., forcing landlords to rent to strangers, the landlord-tenant regulations upheld did not force the owners in the first instance to subject their properties to a use they neither planned nor desired. It can be seen that the taking found in Seawall (supra) is clearly distinguishable from the situation herein, where plaintiff owner states that she purchased the premises at issue in 1980 *881 at which time it is apparent that she was aware they were subject to rent-controlled tenancies and certain regulations pertaining thereto. Thus, plaintiff cannot state that she neither planned nor desired the situation she entered into.
A regulatory taking as asserted in the third cause of action occurs where the value or usefulness of private property is diminished by regulatory action not involving physical occupation of the property (Hall v City of Santa Barbara, 833 F2d 1270, 1275 [1986]). Regulation of private property will be upheld if it substantially advances legitimate State interest and does not deny an owner economically viable use of her property, interpreted to mean "it is impossible or commercially impracticable” for the owner to profitably engage in her business, or unduly interferes with the owner’s reasonable investment-backed expectations (Keystone Bituminous Coal Assn. v DeBenedictis, supra, at 485, 496). The instant regulations clearly pass this test. As previously noted the Act provides an owner with an option to cease doing business if her earnings fall below an 8V2% return. Moreover the Act and its regulations advance legitimate State interests including the preservation of affordable housing and the chance for working people and the elderly "to remain in New York in neighborhoods where they have lived all their lives.” (Mem in support of S 9175B/A 11116, Bill Jacket, L 1974, ch 1022.) As a result plaintiff has stated no claim under the Federal Constitution in this regard. Plaintiff also cannot state a claim under the New York Constitution since she cannot meet the requirement that the regulation attacked restricts her property in such a way that she is precluded from using it for any purpose for which it was reasonably adapted or that the property’s economic value or all but a bare residue has been destroyed (de St. Aubin v Flacke, 68 NY2d 66 [1986]).
Plaintiff’s fourth cause of action alleging a violation of the Thirteenth Amendment right against involuntary servitude must be dismissed in keeping with cases previously brought against rent control attempting to assert the same claim (Matter of Recknagel v Finkelstein, 275 App Div 684, 685 [1949]).
Lastly, plaintiff’s claim cannot be salvaged as a viable due process violation under either the United States or State Constitutions. To comport with due process in the area of economic regulation a statute need only bear a reasonable relationship to a valid public purpose (Pennell v San Jose, 485 US 1, supra), which requirement has already been shown to *882 have been met in this instance. The challenged statute and regulation also comport with the State Constitution pursuant to which due process requirements are met if the statute or process has a rational basis (Grossman v Baumgartner, 17 NY2d 345, 349 [1966]).
Inasmuch as plaintiffs complaint has herein been found to be insufficient to state a claim as a matter of law, defendants’ motions will be granted to the extent that this court declares Administrative Code § 26-408 and Rent and Eviction Regulations § 2204.9 to be constitutional and not violative of any of plaintiff’s rights herein brought into issue.