■ DENISE SOBEL, Appellant, v RICHARD L. HIGGINS, as Commissioner of the New York State Division of Housing and Community Renewal, et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Martin Schoenfeld, J.), entered October 1, 1991, declaring that section 26-408 of the Administrative Code of the City of New York and section 2204.9 of the New York City Rent and Eviction Regulations (9 NYCRR) are constitutional and not violative of any right guaranteed to plaintiff under the 5th, 13th or 14th Amendments of the US Constitution, or sections 6 or 7 of article I of the New York Constitution, unanimously affirmed, without costs.

Plaintiff is the owner and landlord of a four-story "row-house" which, at all times since purchased by her, has had two apartments occupied by rent-controlled tenants who have a perpetual right to remain in possession subject to rent control by reason of their age or longevity in occupancy. In this action for a declaratory judgment, plaintiff alleges that she no longer wishes to be a landlord in the rental housing business, and challenges the constitutionality of section 26-408 of the New York City Rent and Rehabitation Law (Administrative Code, tit 26, ch 3), entitled "Evictions", section 2204.9 of the New York City Rent and Eviction Regulations (9 NYCRR parts 2200-2210), entitled "Withdrawal of occupied housing accommodations from rental market" ("the challenged regulations") on the ground that they do not permit the withdrawal of rent controlled housing accommodations from the rental market upon a good faith showing that the landlord does not wish to remain in the business of being a landlord. Plaintiff argues that the absence of such a remedy results, *inter alia*, in a violation of the constitutional right to "go out of business", a physical and regulatory taking of the landlord's private property without just compensation, and a form of involuntary servitude in violation of both the Federal and State Constitutions.

State statutes are entitled to a strong presumption of constitutionality and will be struck down only where the challenger has met the heavy burden of establishing the statute to be unconstitutional beyond a reasonable doubt *(Rochester Gas & Elec. Corp. v Public Serv. Commn.,* 71 NY2d 313, 319-320).

The regulation of rental housing, including restrictions on rents and evictions, has long been upheld by both the United

States Supreme Court and the New York Court of Appeals as a valid exercise of the government's police power to protect the public health, safety and general welfare *(Pennell v San Jose,* 485 US 1; *Bowles v Willingham,* 321 US 503; *Loab Estates v Druhe,* 300 NY 176). Whether a landlord seeks to withdraw premises from the housing market for commercial use *(Loab Estates v Druhe, supra)* or, as here, merely to escape the burdens of ownership *(Suppus v Bradley,* 278 App Div 337), the government's police power is broad enough to restrict the withdrawal of property from the housing market *(cf., Birnbaum v State of New York,* 73 NY2d 638, 646, *cert denied* 494 US 1078).

Since plaintiff may cease doing business under the circumstances set forth in the challenged regulations, or may simply sell the property at any time, the restrictions she complains of are well within the government's traditional police power to adjust landlord-tenant relationships by regulating evictions *(Seawall Assocs. v City of New York,* 74 NY2d 92, 105, *cert denied* 493 US 976).

Nor is there any merit to plaintiff's contention that the challenged regulations effect a physical taking of her property without the payment of just compensation. A physical taking is found only where there is a permanent physical occupation of the owner's property by the government, a stranger or a third party, hardly the situation here given that plaintiff's tenants were already residing on the premises when purchased by plaintiff *(see, supra; Kalikow 78/79 Co. v State of New York,* 174 AD2d 7, 15, *appeal dismissed* 79 NY2d 1040; *Matter of Sourian v Higgins,* 170 AD2d 258).

Nor has plaintiff established a regulatory taking, which occurs when the government regulates property in a manner that unfairly imposes on a property owner a burden that should be borne by the public as a whole, by alleging facts sufficient to show that the challenged regulations either deny her an economically viable use of her property, by making it "impossible" or " 'commercially impracticable' " for her to profitably engage in business, or fail to substantially advance a legitimate State interest *(Keystone Bituminous Coal Assn. v DeBenedictis,* 480 US 470, 484, 485). Here, the challenged regulations clearly advance the legitimate State interest of preserving affordable housing.

Plaintiff's contention that the challenged regulations subject her to "involuntary servitude" is also without merit *(Matter of Recknagel v Finkelstein,* 275 App Div 684), and indeed frivolous *(Davenport v Berman,* 420 F2d 294). Any minimal con-

straint upon the plaintiff's use of the property was freely assumed when she voluntarily purchased that property with the knowledge that it was occupied, in part, by rent controlled tenants *(see, Birnbaum v State of New York, supra,* at 646).

Finally, the IAS Court properly determined that the plaintiff's claim cannot be salvaged as a viable due process violation under either the United States or State Constitutions. The challenged regulations comport with due process in the area of economic regulation by bearing a reasonable relationship to the valid public purpose of preserving affordable housing and preventing the dislocation of lower income and moderate income tenants *(Pennell v San Jose, supra,* at 11; *see, Grossman v Baumgartner,* 17 NY2d 345, 349).

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger and Rubin, JJ. *[See,* 151 Misc 2d 876.]