■ VSF COALITION, INC., Appellant, v NICHOLAS SCOPPETTA, Defendant, and ELIOT SPITZER, as Attorney General of the State of N.Y., Respondent. [786 NYS2d 575]—

In an action, inter alia, in effect, to direct the defendant Eliot Spitzer, Attorney General of the State of New York, to compel the remaining defendants to comply with the Pension Impairment Clause of the New York State Constitution (NY Const, art V, § 7), the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated February 11, 2004, which granted the motion of the defendant Eliot Spitzer, Attorney General of the State of New York, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the defendant Eliot Spitzer, Attorney General (hereinafter Attorney General), was not a proper party to the action since he did not administer the pension fund at issue (*see Matter of N.J. Koss, Inc. v Regan,* 149 AD2d 785, 787 [1989]; *Joanne S. v Carey,* 115 AD2d 4, 9 [1986]; *Sobel v Higgins,* 151 Misc 2d 876, 878 [1991]).

Further, the relief sought is in the nature of mandamus, which is unavailable to compel the performance of a discretionary act (*see Matter of Garrison Protective Servs. v Office of Comptroller of City of N.Y.,* 92 NY2d 732, 736 [1999]; *Matter of Crain Com-*

*munications v Hughes,* 74 NY2d 626, 628 [1989]; *Klostermann v Cuomo,* 61 NY2d 525, 529 [1984]). The Attorney General has the discretion regarding whether to commence suit, and a court has no authority to interfere with such discretion (*see People ex rel. Demarest v Fairchild,* 67 NY 334, 336 [1876]; *Matter of Lewis v Lefkowitz,* 32 Misc 2d 434 [1961]).

Lastly, inasmuch as a qui tam action is a creation of statute (*see Grover v Morris,* 73 NY 473, 478 [1878]), the plaintiff was not authorized to bring such an action in the place of the defendant Attorney General in the absence of a statute providing for such right. Florio, J.P., Schmidt, Adams and Cozier, JJ., concur.