■ VSF COALITION, INC., et al., Appellants, v NICHOLAS SCOPPETTA et al., Respondents. [829 NYS2d 141]—

In an action, inter alia, to recover variable supplement fund benefits which were allegedly improperly denied to firefighters on disability retirement, and for an accounting of certain funds disbursed by the respondent New York City Fire Department Pension Fund and variable supplement funds, the plaintiffs appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated June 6, 2005, which granted the motion of the defendants Nicholas Scoppetta, Board of Trustees of New York City Fire Department Pension Fund, Board of Trustees of the New York City Firefighters Variable Supplement Fund, Board of Trustees of the New York City Fire Officers Variable Supplement Fund, City of New York, Michael Bloomberg, Martha K. Hirst, and William C. Thompson, Jr., sued herein as William C. Johnson, Jr., the separate motion of the defendant Uniformed Firefighters Association, and the separate motion of the defendant Uniformed Fire Officers Association for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The Supreme Court correctly determined that the plaintiffs' claims are barred by the doctrine of res judicata, since such

claims have previously been adjudicated on the merits by either these same plaintiffs or those in privity with them (*see e.g. Castellano v City of New York*, 142 F3d 58 [1998]; *Castellano v City of New York*, 251 AD2d 194, 194-195 [1998], *cert denied* 526 US 1131 [1999]; *Cinotti v Giuliani*, 5 Misc 3d 1007[A], 2004 NY Slip Op 51228 [2004]). Further, the creation of variable supplement funds (hereinafter VSF) and the legislative limitations on their distribution have survived numerous challenges under a variety of legal theories, including those raised by the instant plaintiffs (*see Castellano v City of New York*, 142 F3d 58 [1998], *supra; Gagliardo v Dinkins*, 89 NY2d 62, 74-75 [1996]).

Since the plaintiffs are not entitled to VSF funds, they are "not impaired by the transfer of excess pension fund earnings to the VSFs" and "lack standing to challenge the transfer of assets from the VSFs to the City of New York" (*Gagliardo v Dinkins, supra* at 76). The plaintiffs claim that they may challenge the alleged improper transfer of funds in a "qui tam" action. However, as this Court previously held on a prior appeal by the plaintiffs in this action, "inasmuch as a qui tam action is a creation of statute . . . the plaintiff was not authorized to bring such an action in the place of the defendant Attorney General" (*VSF Coalition, Inc. v Scoppetta*, 13 AD3d 517, 518 [2004]). Miller, J.P., Rivera, Krausman and Goldstein, JJ., concur.