■ In the Matter of EASTVIEW PROPERTIES, INC., et al., Appellants, v TOWN OF CHESTER PLANNING BOARD, Respondent, et al., Respondent. [29 NYS3d 534]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent Town of Chester Planning Board to place a subdivision application on its agenda and render a determination on the application, the petitioners appeal from an order of the Supreme Court, Orange County (Bartlett, J.), dated February 10, 2014, which granted the motion of the respondent Town of Chester Planning Board to dismiss the petition insofar as asserted against it.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

"Standing is a threshold determination, resting in part on policy considerations, that a person should be allowed access to the courts to adjudicate the merits of a particular dispute that satisfies the other justiciability criteria" (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769 [1991]; see Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 6 [2014]). A party has standing where it has " 'an interest in the claim at issue in the lawsuit that the law will recognize as a sufficient predicate for determining the issue at the litigant's request' " (Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242 [2007], quoting Caprer v Nussbaum, 36 AD3d 176, 182 [2006]; see Government Empls. Ins. Co. v RLI Ins. Co., 133 AD3d 819, 820 [2015]). "Where a claim of standing is based upon the adverse impact of challenged administrative action, a petitioner must show that he or she will suffer a harm that is in some way different from that suffered by the public at large and that the alleged injury falls within the zone of interest sought to be promoted or protected by the statute under which the government agency has acted" (Matter of Rediker v Zoning Bd. of Appeals of Town of Philipstown, 280 AD2d 548, 549 [2001]; see Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d at 6; Society of Plastics Indus. v County of Suffolk, 77 NY2d at 772-774).

Here, the petitioners failed to make that showing and, thus,

failed to meet their burden of establishing that they had standing to commence this proceeding (*see Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation,* 23 NY3d at 6). Accordingly, the Supreme Court properly granted the motion of the respondent Town of Chester Planning Board to dismiss the petition insofar as asserted against it.

In view of our determination, we need not address the petitioners' remaining contentions (*see Matter of Tappan Cleaners v Zoning Bd. of Appeals of Vil. of Irvington,* 57 AD3d 683, 684 [2008]). Rivera, J.P., Dillon, Chambers and Dickerson, JJ., concur.