Matter of Melrose Credit Union v City of New York (2018 NY Slip Op 03131)





Matter of Melrose Credit Union v City of New York


2018 NY Slip Op 03131


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-02214
 (Index No. 6443/15)

[*1]In the Matter of Melrose Credit Union, et al., petitioners/plaintiffs, Progressive Credit Union, appellant, 
v
City of New York, et al., respondents.


Crosby & Higgins LLP, New York, NY (Todd A. Higgins of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Scott Shorr and MacKenzie Fillow of counsel), for respondents City of New York, Bill de Blasio, in his official capacity as the Mayor of the City of New York, New York City Taxi and Limousine Commission, and Meera Joshi, in her official capacity as the Chair of the New York City Taxi and Limousine Commission.
Eric T. Schneiderman, Attorney General, New York, NY (Andrew W. Amend and Andrew Rhys Davies of counsel), respondent pro se.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the petitioner/plaintiff Progressive Credit Union appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Allan B. Weiss, J.), entered February 1, 2016. The order and judgment granted those branches of the cross motion of the respondents City of New York, Bill de Blasio, in his official capacity as the Mayor of the City of New York, the New York City Taxi and Limousine Commission, and Meera Joshi, in her official capacity as the Chair of the New York City Taxi and Limousine Commission, and the separate cross motion of the respondent Eric T. Schneiderman, in his official capacity as the Attorney General of the State of New York, which were pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the petition/complaint insofar as asserted against each of them, and denied the petition/complaint and dismissed the proceeding/action.
ORDERED that the order and judgment is affirmed, with costs.
This proceeding/action arises out of the rapid growth of for-hire vehicle services provided by companies such as Uber Technologies, Inc. (hereinafter Uber), which allow passengers to use a smartphone application to request on-demand ground transportation. In 1971, the New York City Council created the respondent/defendant New York City Taxi and Limousine Commission (hereinafter the TLC) for the stated purpose of "continuance, further development and improvement of taxi and limousine service in the city of New York" (NY City Charter § 2300). The TLC is charged with "[t]he formulation, promulgation and effectuation of rules and regulations reasonably designed to carry out the purposes, terms and provisions of this chapter" (NY City Charter § 2303[b][11]), and is empowered to "adopt and establish an overall public transportation policy governing taxi, coach, [and] limousine . . . services as it relates to the overall public transportation network of the city" (NY City Charter § 2300). The TLC's "regulation and supervision shall extend [*2]to . . . standards of safety, and design, comfort, [and] convenience" and "[t]he development and effectuation of a broad public policy of transportation . . . including innovation and experimentation in relation to . . . modes of service and manner of operation" (NY City Charter § 2303[b][6], [9]; see NY City Charter § 2303[b][11]).
In New York City, there are three types of vehicles that are available to passengers for hire: (1) yellow medallion taxicabs; (2) Street Hail Liveries, which are green taxicabs; and (3) for-hire vehicles (hereinafter FHVs). FHVs include livery cars, luxury limousines, and "black cars," which are FHVs that are "dispatched from a central facility . . . , where such central facility has certified to the satisfaction of the [TLC] that more than ninety percent of the central facility's for-hire business is on a payment basis other than direct cash payment by a passenger" (Administrative Code of the City of New York § 19-502[u]). Pursuant to Administrative Code of the City of New York § 19-504(a)(1), "[n]o motor vehicle other than a duly licensed taxicab shall be permitted to accept hails from passengers in the street." State legislation known as the "HAIL Act" similarly provides that medallion taxicabs are "permitted to pick up passengers via street hail from any location within the city of New York." Medallion taxicabs also retain "the exclusive right . . . to pick up passengers via street hail" in the "HAIL exclusionary zone," which is the New York City airports and the area of Manhattan south of East 96th Street and south of West 110th Street (L 2011, ch 602, as amended by L 2012, ch 9, §§ 4[c]; 11). Street Hail Liveries are permitted to pick up passengers by street hail anywhere in New York City except in the HAIL exclusionary zone. FHVs are prohibited from picking up passengers by street hail, and may only accept passengers "on the basis of telephone contract or prearrangement" (Administrative Code of City of NY § 19-507[a][4]; see L 2011, ch 602, as amended by L 2012, ch 9, § 11).
On June 1, 2015, the petitioner/plaintiff Progressive Credit Union (hereinafter Progressive), among others, commenced this hybrid proceeding pursuant to CPLR article 78 and action against the City of New York, Bill de Blasio, in his capacity as the Mayor of the City of New York, the TLC, Meera Joshi, in her capacity as the Chair of the TLC (hereinafter collectively the City respondents), and Eric T. Schneiderman, in his capacity as the Attorney General of the State of New York (hereinafter the Attorney General, and together with the City respondents, the respondents). Progressive alleged that, in January 2015, the TLC adopted rules known as the "E-Hail Rules," which "allow passengers to summon taxicabs and Street Hail Liveries in New York City by E-Hail and to make E-Payments." In its notice of promulgation of the rules, the TLC stated that the E-Hail Rules were enacted based on data collected during a pilot program which "show that E-Hail [applications on cell phones] make[ ] it easier for passengers and drivers to connect without reducing the availability of the hallmark New York City hand-hail for other passengers." Thereafter, on or about April 24, 2015, the TLC published a set of proposed rules (hereinafter the FHV E-Dispatch Rules) which it stated were intended to "impose uniform standards on all current and future apps used by FHVs, whether they are offered by a base or by a licensed independent app company utilized by a base." Progressive sought, inter alia, relief in the nature of mandamus and prohibition, and to annul certain rules promulgated by the TLC that were purportedly inconsistent with taxicab medallion owners' exclusive right to pick up passengers via street hail (see Administrative Code of City of NY § 19-504[a][1]; L 2011, ch 602, as amended by L 2012, ch 9, § 11).
Progressive challenges the E-Hail Rules and the FHV E-Dispatch Rules to the extent that they treat an electronic request for a ride from an FHV as a form of prearrangement, as opposed to a hail (see 35 RCNY 51-03). Progressive alleged in the petition/complaint that the use of a smartphone application to request a ride from an FHV was "simply a modern-day version of the traditional hail," and that "unless the TLC immediately compels companies like Uber to stop illegally accepting E-Hails, the value of the taxicab medallion will continue to drop, until it soon becomes worthless." Progressive argued that "[n]otwithstanding its clear, non-discretionary duties, the TLC has inexplicably shirked its responsibility to enforce the hail laws, including with respect to the hundreds of thousands of illegal E-Hails being solicited and accepted each week by Uber FHVs." With respect to the Attorney General, Progressive sought to "compel the Office of the Attorney General to investigate, bring appropriate action, and enforce or facilitate the enforcement of the New York State HAIL Act." Progressive also moved for a preliminary injunction.
The City respondents cross-moved pursuant to CPLR 3211(a)(3), (5), and (7) and 7804(f) to dismiss the petition/complaint insofar as asserted against them on the grounds that Progressive lacked standing to commence this proceeding/action, that the proceeding/action was time-barred, and that Progressive failed to demonstrate a clear legal right to the relief sought. The Attorney General separately cross-moved, inter alia, pursuant to CPLR 3211(a)(7) and, in effect, CPLR 7804(f) to dismiss the petition/complaint insofar as asserted against him on the ground that relief in the nature of mandamus was unwarranted. The Supreme Court granted those branches of the respondents' separate cross motions which were pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the petition/complaint insofar as asserted against each of them for failure to state a cause of action, and denied the petition/complaint and dismissed the proceeding/action. Progressive appeals.
We agree with the Supreme Court that the petition/complaint should be dismissed insofar as asserted against the City respondents, albeit for a different reason, namely, that Progressive failed to meet its burden of demonstrating that it has standing to commence this proceeding (see Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 9; Matter of Eastview Props., Inc. v Town of Chester Planning Bd., 138 AD3d 838, 838-839; Matter of People v Christensen, 77 AD3d 174, 185-186). "Standing is a threshold determination that a person should be allowed access to the courts to adjudicate the merits of a particular dispute" (Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd., 139 AD3d 942, 943; see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769; Matter of Eastview Props., Inc. v Town of Chester Planning Bd., 138 AD3d at 838). A petitioner challenging an administrative action must demonstrate that the action will cause it "direct harm, injury that is in some way different from that of the public at large" (Society of Plastics Indus. v County of Suffolk, 77 NY2d at 774; see Matter of Panevan Corp. v Town of Greenburgh, 144 AD3d 806, 807). The petitioner must also demonstrate that " the injury asserted falls within the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the agency has acted'" (Matter of Radow v Board of Appeals of Town of Hempstead, 120 AD3d 502, 502, quoting Matter of Riverhead PGC, LLC v Town of Riverhead, 73 AD3d 931, 933). "[T]he requirement that a petitioner's injury fall within the concerns the Legislature sought to advance or protect by the statute assures that groups whose interests are only marginally related to, or even inconsistent with, the purposes of the statute cannot use the courts to further their own purposes at the expense of the statutory purposes" (Society of Plastics Indus. v County of Suffolk, 77 NY2d at 774).
Progressive alleged in the petition/complaint that it is a credit union that holds security interests in 1,432 taxicab medallions as collateral for more than $722 million in medallion loans. Although it is clear that Progressive would suffer an injury different from that of the public at large, it failed to adequately allege that it would suffer direct harm as a result of the TLC's purported failure to enforce taxicab medallion owners' exclusive right to hails. Progressive's alleged injury—the "deteriorating financial condition of [its] medallion loan portfolio"—is an indirect consequence of the injuries that it alleged were suffered by medallion owners (see City of New York v Smokes-Spirits.Com, Inc., 12 NY3d 616; cf. North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d 5, 17).
Furthermore, Progressive failed to demonstrate that its alleged injury falls within the zone of interests sought to be protected by title 19 of the Administrative Code and the relevant TLC rules (see Matter of Schwartz v Morgenthau, 7 NY3d 427, 433; Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 415; Matter of Riverhead PGC, LLC v Town of Riverhead, 73 AD3d at 933; Matter of Friedman v Town Clerk of Town of Hempstead, 62 AD3d 699, 700). Title 19 of the Administrative Code confers authority upon the TLC to promulgate rules and regulations governing "the business of transporting passengers for hire by motor vehicle in the city of New York" (Administrative Code of City of NY § 19-501; see Administrative Code of City of NY § 19-503). Title 35 of the Rules of the City of New York similarly provides that, "[t]o promote public comfort and convenience, and taking into account the overall public transportation network of the City, the [TLC] will establish an overall public transportation policy governing for-hire transportation services in the City, including taxi, limousine, paratransit and commuter van services" (35 RCNY 52-01). The E-Hail Rules were adopted by the TLC to "establish regulations for E-Hail and E-Payment that will encourage innovation, provide [*3]desired services to taxi passengers, promote safety and consumer protection, and create income opportunities for drivers." The goal of the E-Hail Rules "is to accommodate new technology into the taxi industry while taking into account the needs of E-Hail application developers, drivers, vehicle owners and passengers." The alleged impairment of Progressive's security interests in thousands of taxicab medallions does not fall within the relevant zone of interests sought to be protected by the aforementioned laws and rules.
In addition, contrary to Progressive's contention, it failed to demonstrate that it has organizational standing to sue (see Society of Plastics Indus. v County of Suffolk, 77 NY2d at 776; cf. Matter of Long Is. Pine Barrens Socy., Inc. v Central Pine Barrens Joint Planning & Policy Commn., 138 AD3d 996, 997; Matter of Schlemme v Planning Bd. of City of Poughkeepsie, 118 AD3d 893, 895). An association or organization has standing when "one or more of its members would have standing to sue," "the interests it asserts are germane to its purposes," and "neither the asserted claim nor the appropriate relief requires the participation of the individual members" (Society of Plastics Indus. v County of Suffolk, 77 NY2d at 775). Here, Progressive asserts that it is a credit union, and that some of its members have standing to sue because they own medallions and have taken out medallion loans. However, Progressive failed to demonstrate that the interests it sought to assert, i.e., protecting medallion owners' exclusive right to hails, were germane to its organizational purposes and that its "mission makes it an appropriate representative of its members' interests" (Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d 326, 331).
Accordingly, the Supreme Court should have granted that branch of the City respondents' cross motion which was pursuant to CPLR 3211(a)(3) and 7804(f) to dismiss the petition/complaint insofar as asserted against them on the ground that Progressive lacked standing to maintain this proceeding/action.
We agree with the Supreme Court that the Attorney General demonstrated that the petition/complaint should be dismissed insofar as asserted against him. The relief sought against the Attorney General is in the nature of mandamus, which is unavailable to compel the performance of a discretionary act (see New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184; cf. Matter of Brusco v Braun, 84 NY2d 674, 679; Matter of Eidt v City of Long Beach, 62 AD3d 793, 795). Here, Progressive sought to compel conduct clearly involving the application of the discretion and judgment of the Attorney General and, therefore, mandamus is not available (see VSF Coalition, Inc. v Scoppetta, 13 AD3d 517, 518; Matter of Lewis v Lefkowitz, 32 Misc 2d 434, 436 [Sup Ct, NY County]).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
BALKIN, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court