■ DIANA CORTO, Appellant, v FRANCINE LEFRAK et al., Respondents. [610 NYS2d 214] —Order, Supreme Court, New York County (Burton Sherman, J.), entered June 15, 1992, which granted defendants' motions pursuant to CPLR 3211 (a) (5) and (7) to dismiss the plaintiff's *pro se* complaint on the grounds, *inter alia*, of *res judicata* and collateral estoppel, granted defendants' cross-motions for sanctions to the extent of directing the plaintiff to pay $1,000 to the State Treasury for frivolous conduct in filing the underlying action, and which denied plaintiff's cross-motion for, *inter alia*, a default judgment as against the defendants, and order of the same

court and Justice, entered November 4, 1992, which granted plaintiff's motion for reargument and, upon reargument, adhered to the court's prior determination, unanimously affirmed, with costs.

The IAS Court properly dismissed plaintiff's *pro se* complaint in the underlying action, seeking monetary damages for, *inter alia,* conspiracy, breach of fiduciary duty, fraud, and tortious interference with contract as against the defendants, arising from the plaintiff's unsuccessful production in 1985 of the musical "West Side Story" at the Kennedy Center in Washington, D.C. and the subsequent seizure of the production property pursuant to a writ of attachment, as barred by the doctrines of *res judicata* and collateral estoppel. The record reflects the fact that this Court, the Supreme Court of the State of New York, the United States Bankruptcy Court for the Southern District of New York, the United States District Court for the Southern District of New York, and the Superior Court of the District of Columbia, have all dismissed prior actions and proceedings and rejected claims by the plaintiff grounded upon the same foundation which is the predicate for the present action *(see, Ryan v New York Tel. Co.,* 62 NY2d 494).

It is well settled, under the transactional analysis approach adopted by this State in deciding *res judicata* issues, that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" *(O'Brien v City of Syracuse,* 54 NY2d 353, 357, citing *Matter of Reilly v Reid,* 45 NY2d 24, 29-30).

In addition, collateral estoppel is available to protect those defendants who were not parties to the earlier proceedings from having to litigate those issues previously raised and rejected, where, as here, the plaintiff fully participated in the prior proceedings and had a full and fair opportunity to litigate all the claims which were actually litigated or which could have been litigated in those proceedings *(Koch v Consolidated Edison Co.,* 62 NY2d 548, *cert denied* 469 US 1210).

The record also reflects that the plaintiff's causes of action in the complaint, served on or about October 15, 1991, which accrued on September 21, 1985 when she was prohibited from removing the production property from the Kennedy Center pursuant to the writ of attachment, were also barred by the applicable statutes of limitations (i.e., CPLR 213 [2] [six years]; CPLR 214 [4] [three years]).

The IAS Court also properly imposed a monetary sanction of $1,000 against the plaintiff for her abusive and frivolous conduct pursuant to 22 NYCRR part 130, where, as here, an examination of the record establishes, and the IAS Court specifically found, that the underlying frivolous and vexatious action was undertaken primarily to harass the defendants.

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.