■ NEW YORK GUARDIAN MORTGAGEE CORP., Respondent, v MYRTIS WILLIAMS, Appellant, et al., Defendants. [646 NYS2d 335] —Judgment of the Supreme Court, Bronx County (Barry Salman, J.), entered December 29, 1994, which, *inter alia*, confirmed the report of the Referee appointed to ascertain and compute the amount due to plaintiff under the note and mortgage, unanimously reversed, on the law and on the facts, without costs or disbursements, the judgment vacated, and the matter remanded for further proceedings.

The record in this mortgage foreclosure action reflects that in or about October, 1987, defendant Myrtis Williams forwarded to plaintiff an insurance company check in the amount of $8,900 drawn to her and the bank's order jointly, represent-

ing insurance proceeds, with a request to "close the mortgage," i.e., apply the sum to the outstanding mortgage balance, and return to her any sums remaining. At the time, less than $8,900 was due on the mortgage. With this request, defendant thereby indicated her intention to prepay the balance and extinguish the debt. While the mortgage provides that insurance proceeds "may be applied by the [m]ortgagee at its option, either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damage," the latter option cannot be relied upon to defeat the mortgagor's right to prepay the entire indebtedness. In any event, even if, in these circumstances, the mortgagee still had the option of applying the insurance proceeds either to repair the damage caused by the fire or satisfy the balance of the mortgage, there is no showing that it ever responded to defendant's request that it "close the mortgage." Thus, defendant should not be held liable for an amount greater than that which was due at the time she offered to "close the mortgage", plus any amounts paid by the mortgagee for taxes and insurance, less any subsequent payments made by defendant. Concur—Sullivan, J. P., Milonas, Ellerin, Nardelli and Williams, JJ.