■ PETER CASTELLANO et al., Appellants, v CITY OF NEW YORK et al., Respondents. [674 NYS2d 364] —Judgment, Supreme Court, New York County (Marylin Diamond, J.), entered December 30, 1996, dismissing the complaint, and bringing up for review a prior order which granted defendants' motion for summary judgment, unanimously affirmed, without costs.

The instant action is merely the latest in a long series of challenges to the validity of the Police Officers' Variable Supplements Fund and the Police Superior Officers' Variable Supplements Fund, all of which matters were previously resolved unfavorably to plaintiffs, retired New York City police officers with less than 20 years accredited service, or parties with whom they were in privity (*see, Gagliardo v Dinkins*, 89 NY2d 62; *Ballentine v Koch*, 89 NY2d 51; *Poggi v City of New York*, 109 AD2d 265, *affd* 67 NY2d 794; *Matter of Bergamine v Patrolmen's Benevolent Assn.*, 202 AD2d 201, *lv denied* 83 NY2d 758; *Castellano v Board of Trustees*, 937 F2d 752, *cert denied* 502 US 941; *Castellano v City of New York*, 946 F Supp 249, *affd* 142 F3d 58). "It is fundamental that a judgment in a prior action is binding not only on the parties to that action, but on those in privity with them" (*Green v Santa Fe Indus.*, 70 NY2d 244, 253), i.e., those with interests that were represented in the prior proceeding (*see, supra*), or who controlled the conduct of the prior action to further their own interests (*see, supra*, at 254). It is also fundamental that once an action has been resolved, all other claims arising out of the same transaction are also barred even if based upon different theories or seeking different remedies (*see, O'Brien v City of*

*Syracuse*, 54 NY2d 353, 357-358). While plaintiffs could have raised additional claims in one or more of the foregoing actions, they opted not to do so, and they are barred by res judicata from doing so now. In any event, there is no merit to plaintiffs' argument that, as retired police officers, they are not represented by the Patrolmen's Benevolent Association (PBA) and therefore are not bound by the PBA's waiver of article V (§ 7) of the New York State Constitution. The relevant PBA waiver is its agreement to the 1970 legislation creating the Variable Supplements Fund as a benefit scheme outside the purview of section 7 of article V (*see, Ballentine v Koch, supra,* 89 NY2d, at 56, 58), which took place prior to plaintiffs' retirement.* We have considered plaintiffs' other arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Ellerin, Nardelli and Mazzarelli, JJ.