■ PROSPECT OWNERS CORP., Appellant, v TUDOR REALTY SERVICES CORP. et al., Respondents. [689 NYS2d 55] —Judgment, Supreme Court, New York County (Paula Omansky, J.), entered April 2, 1998, dismissing plaintiff's complaint, and bringing up for review an order, same court and Justice, entered March 31, 1998, which, *inter alia*, granted defendants' motion pursuant to CPLR 3211 to dismiss the complaint as

barred by the doctrine of res judicata, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered March 31, 1998, unanimously dismissed, without costs, as subsumed within the appeal from the aforesaid judgment.

The IAS Court correctly concluded that the claims plaintiff would assert in this action are barred by the doctrine of res judicata, since a prior action based upon the same underlying transactions was concluded against plaintiff and in defendant Tudor Realty Services' favor (see, O'Brien v City of Syracuse, 54 NY2d 353, 357-358; Smith v Russell Sage Coll., 54 NY2d 185, 192; Castellano v City of New York, 251 AD2d 194, appeal dismissed 92 NY2d 919; Corto v Lefrak, 203 AD2d 94, 95, lv dismissed 86 NY2d 774). Although the individual defendants herein, Shaughnessy and Colella, were not named in the original action, it is fundamental that a final determination in a prior action is subsequently binding not only as to the parties to that lawsuit but also those in privity with them (see, Green v Santa Fe Indus., 70 NY2d 244, 253; Castellano v City of New York, supra), and Shaughnessy and Colella are clearly in privity with defendant Tudor Realty Services, which they own and operate. In any event, "collateral estoppel is available to protect those defendants who were not parties to the earlier proceedings from having to litigate those issues previously raised and rejected, where, as here, the plaintiff fully participated in the prior proceedings" (Corto v Lefrak, 203 AD2d, supra, at 95). Concur—Williams, J. P., Rubin, Mazzarelli, Saxe and Friedman, JJ.