■ J.H. IMPEX ENTERPRISES, INC., et al., Appellants, v BULOVA CORPORATION et al., Respondents. [690 NYS2d 14] —Order, Supreme Court, New York County (Paula Omansky, J.), entered January 29, 1998, which granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.

Plaintiffs had a full and fair opportunity to litigate the issues they would raise in this action in the prior, and now concluded, Civil Court proceeding, in which the very same issues were determined against a party with whom they were in privity. This being the case, the instant litigation is precluded by the doctrine of collateral estoppel (*see*, *Corto v Lefrak*, 203 AD2d 94, 95, *lv dismissed* 86 NY2d 774; *see also*, *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664-665; *Gramatan Home Investors Corp. v Lopez*, 46 NY2d 481, 486). Concur—Sullivan, J. P., Williams, Wallach, Rubin and Mazzarelli, JJ.

■ INTERCOUNTY MORTGAGE CORP., Respondent, v McCROF REALTY, INC., Appellant, et al., Defendants. [690 NYS2d 25] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered January 28, 1998, which denied defendant-appellant's motion to disaffirm the Referee's report of sale and for related relief, unanimously affirmed, with costs.

The Referee properly applied the subject insurance proceeds against the balance due on the mortgage. Plaintiff mortgagee's successful bid at the foreclosure sale was for less than the balance due on the mortgage and did not terminate plaintiff's insurable interest (*see*, *Whitestone Sav. & Loan Assn. v Allstate Ins. Co.*, 28 NY2d 332, 334-335), and the insurance proceeds, although tendered prior to the sale, were insufficient to satisfy the mortgage (*cf.*, *New York Guardian Mortgagee Corp. v Williams*, 230 AD2d 663). Concur—Sullivan, J. P., Williams, Wallach, Rubin and Mazzarelli, JJ.