■ GILBERT LAU, Appellant, v CAPITAL ONE BANK et al., Defendants, and FORSTER & GARBUS et al., Respondents. [880 NYS2d 861]—

Orders, Supreme Court, New York County (Marilyn Shafer, J.), entered October 30, 2008, which denied plaintiff's motion to transfer a related Civil Court action to Supreme Court and granted the motion of defendants Forster & Garbus, Ronald Forster, Mark Garbus and Brandi P. Klineberg to dismiss the amended complaint, unanimously affirmed, without costs.

Plaintiff's claims against the defendants named in both the Civil Court and Supreme Court actions are barred by the doctrine of res judicata (*see Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]), notwithstanding that some of the claims now asserted are based on different theories (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). Plaintiff is also barred by the doctrine of collateral estoppel from relitigating the issues decided in the Civil Court action against newly named parties, who were in privity with defendants in the prior Civil Court action (*see Prospect Owners Corp. v Tudor Realty Servs. Corp.*, 260 AD2d 299 [1999]; *Corto v Lefrak*, 203 AD2d 94 [1994], *lv dismissed* 86 NY2d 774 [1995]). To the extent that any of plaintiff's claims are not otherwise barred, the amended complaint fails to state a cause of action against any of the defendants.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, DeGrasse and Abdus-Salaam, JJ.