In an action, inter alia, to set aside a transfer of real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Markey, J„), entered February 17, 2011, as denied those branches of their motion which were pursuant to CPLR 602 (b) to stay a proceeding entitled Matter of Wang v Wang, pending in the Civil Court, Queens County, under index No. 62479/09, to remove it to the Supreme Court, Queens County, and to consolidate it with this *1006 action, and granted those branches of the defendant’s cross motion which were to dismiss the complaint pursuant to CPLR 3211 (a).
Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof denying those branches of the plaintiffs’ motion which were pursuant to CPLR 602 (b) to stay the proceeding entitled Matter of Wang v Wang, pending in the Civil Court, Queens County, under index No. 62479/09, to remove it to the Supreme Court, Queens County, and to consolidate it with this action, and substituting therefor a provision granting those branches of the motion, and (2) by deleting the provision thereof granting those branches of the defendant’s cross motion which were to dismiss the third and fourth causes of action and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.
In March 2000, Kuei Chen Tsao (hereinafter the decedent) transferred real property in Flushing (hereinafter the premises), which she held solely in her name, to the defendant, who is one of her daughters. The decedent died in September 2002. In 2006, the defendant allegedly signed an agreement (hereinafter the agreement) to transfer five-sixths ownership of the premises to her father and four of her siblings. No transfer took place. In April 2009, the defendant commenced a holdover proceeding in the Civil Court of the City of New York, Queens County, seeking to evict two of her siblings from the premises. A month later, in May 2009, four of the defendant’s siblings and her father commenced an action in the Supreme Court, Queens County (hereinafter action No. 1). The complaint contained two causes of action, both of which sought to impose a constructive trust on the premises. The first cause of action alleged that a constructive trust arose from the transfer of the premises in 2000 and the second cause of action alleged that a constructive trust arose from the agreement. By order dated October 15, 2009, the Supreme Court granted the defendant’s motion to dismiss action No. 1, concluding that the first cause of action was barred by the statute of limitations and the second cause of action failed to state a cause of action. The plaintiffs did not appeal from that order.
In 2010, three of the plaintiffs in action No. 1 (the defendant’s father and two of her siblings) commenced the instant action. In the first two causes of action, the defendant’s father sought damages arising from the allegedly wrongful transfer of the premises in 2000. In the third cause of action, all of the *1007 plaintiffs sought to recover damages for the defendant’s alleged breach of the agreement. In the fourth cause of action, the father alleged that the defendant was unjustly enriched by her refusal to return money and personal property that belonged to the decedent and now belong to the father. The plaintiffs moved, inter alia, pursuant to CPLR 602 (b) to stay the holdover proceeding, to remove it to the Supreme Court, Queens County, and to consolidate it with this action. The defendant opposed the motion, and cross-moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the complaint on the grounds, among other things, that the action was barred by res judicata and that the complaint failed to state a cause of action. The Supreme Court denied the plaintiffs’ motion and granted those branches of the defendant’s cross motion which were to dismiss the complaint.
“Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter. The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation” (Matter of Hunter, 4 NY3d 260, 269 [2005]). The rationale for the doctrine is that a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again; allowing relitigation would undermine the interest of the community and the litigants in finality (see Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). Relitigation of claims also inhibits judicial economy (see Matter of Reilly v Reid, 45 NY2d 24, 28 [1978]). The dismissal of a claim on the ground that the statute of limitations has run is a determination on the merits for res judicata purposes (see Smith v Russell Sage Coll., 54 NY2d 185, 194 [1981]; Sosa v JP Morgan Chase Bank, 33 AD3d 609, 611 [2006]; Cold Spring Harbor Area Civic Assn. v Board of Zoning Appeals of Town of Huntington, 305 AD2d 444, 445 [2003]). Here, the plaintiffs could have raised, in action No. 1, their current causes of action arising out of the transfer of the premises in 2000. The causes of action arose from the same operative facts and concern the same property. Thus, the dismissal in action No. 1 of the causes of action arising from the 2000 transfer as barred by the statute of limitations, is res judicata as to the plaintiffs’ current causes of action arising out of that transfer (see Cold Spring Harbor Area Civic Assn. v Board of Zoning Appeals of Town of Huntington, 305 AD2d at 445). Consequently, the Supreme Court properly granted that branch of the defendant’s cross motion which was to dismiss the first and second causes of action.
However, the Supreme Court should not have granted that *1008 branch of the defendant’s cross motion which was to dismiss the third cause of action, which sought to recover damages for breach of contract based on the agreement. First, when the court granted the motion to dismiss action No. 1, it granted that branch of the motion which was to dismiss the equitable claim arising from the agreement, which was allegedly entered into in December 2006, on the ground that it failed to state a cause of action, not on the ground that the statute of limitations had run. The granting of that branch of the motion which was to dismiss that cause of action was not a determination on the merits. Consequently, res judicata does not bar the current cause of action alleging breach of contract based on the agreement (see Plattsburgh Quarries v Palcon Indus., 129 AD2d 844, 845 [1987]; Furia v Furia, 116 AD2d 694, 695 [1986]; cf. Maitland v Trojan Elec. & Mach. Co., 65 NY2d 614, 615 [1985]; Lampert v Ambassador Factors Corp., 266 AD2d 124, 124-125 [1999]). Moreover, in evaluating the sufficiency of pleadings in deciding a motion made under CPLR 3211 (a) (7), “the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference” (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; see Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach, 94 AD3d 997 [2012]; East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 125 [2009], affd 16 NY3d 775 [2011]). The plaintiffs ultimate ability to prove those allegations is not relevant (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d at 19; Knutt v Metro Intl., S.A., 91 AD3d 915, 915-916 [2012]). Here, the complaint adequately states a cause of action to recover damages for breach of contract based on the agreement (see Cottone v Selective Surfaces, Inc., 68 AD3d 1038, 1039 [2009]; see generally 2-5 Corbin on Contracts § 5.24; 2-7 Corbin on Contracts § 7.17; cf. Denburg v Parker Chapin Flattau & Klimpl, 82 NY2d 375 [1993]; Joab Commercial Laundries v Reeder, 159 AD2d 489, 490-491 [1990]).
Additionally, the Supreme Court should not have granted that branch of the defendant’s cross motion which was to dismiss the fourth cause of action, which alleged unjust enrichment. That cause of action was not asserted in action No. 1, and it pertained to personal property, rather than the premises. The complaint adequately alleged a cause of action to recover for unjust enrichment (see Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach, 94 AD3d at 997; East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d at 125; Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr., 59 AD3d 473, 481 [2009]).
*1009 The plaintiffs’ cause of action alleging breach of contract involves issues of law and fact in common with those in the holdover proceeding pending in the Civil Court, and most of the parties are the same. “Where common questions of law or fact exist, a motion to consolidate [pursuant to CPLR 602 (b)] should be granted absent a showing of prejudice to a substantial right by the party opposing the motion” (Kally v Mount Sinai Hosp., 44 AD3d 1010, 1010 [2007]). The defendant did not make a showing that removal and consolidation would prejudice a substantial right. Therefore, those branches of the plaintiffs’ motion which were to stay the holdover proceeding, to remove it to the Supreme Court, Queens County, and to consolidate it with this action should have been granted (see CPLR 602 [b]; Kally v Mount Sinai Hosp., 44 AD3d at 1010-1011).
The parties’ remaining contentions are without merit. Skelos, J.P., Balkin, Leventhal and Roman, JJ., concur.