NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 4, 2013[*]
Decided November 5, 2013

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 13-2113 | |
| | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| LINDA RUTLEDGE, *Plaintiff-Appellant,* | |
| *v.* | No. 1: 12-cv-01094-RLY-DKL |
| ELI LILLY AND COMPANY, JOHN C. LECHLEITER, and KATHERINE BAICKER *Defendants-Appellees.* | Richard L. Young, *Chief Judge.* |

**O R D E R**

In this diversity action, *see* 28 U.S.C. § 1332(a), Linda Rutledge appeals the dismissal of her complaint alleging that as a result of taking Zyprexa—an anti-psychotic drug manufactured by Eli Lilly and Company—she suffers from a variety of ailments including kidney problems, elevated blood pressure, and high cholesterol. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Rutledge took Zyprexa in 1999, but did not sue Eli Lilly for her injuries for eleven years. When she sued in the district court for the Eastern District of New York, the court determined that, as a result of her delay, Rutledge's claim was barred by the statute of limitations, and it granted summary judgment for Eli Lilly. A year after the Second Circuit dismissed her appeal, Rutledge filed her current complaint in the Southern District of Indiana, alleging the same injuries, noting the earlier suit, and adding two of Eli Lilly's corporate officers as defendants. The district court dismissed her complaint, ruling that the affirmative defense of claim preclusion barred her claim.

Rutledge appeals, but her brief (composed of a single paragraph asserting her injuries and appending printouts of internet searches concerning the side effects of Zyprexa) is deficient. It fails to explain what error she believes that the district court made in dismissing her complaint. *See* FED R. APP. P. 28(a)(9); *United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).  The brief also does not contest that the claim dismissed in Rutledge's earlier lawsuit is identical to her present claim.

Even putting the brief's defects to one side, we agree with the district court that claim preclusion bars Rutledge's claim. Rutledge's first suit was adjudicated by a federal district court sitting in New York under diversity jurisdiction, and the federal rule is that we apply the state law of New York to determine the preclusive effect of the judgment.  *See Semtek Int'l Inc., v. Lockheed Martin Corp.*, 531 U.S. 497, 508–09 (2001). Under New York law, "a valid final judgment bars future actions between the same parties on the same cause of action." *Landau, P.C. v. LaRossa, Mitchell & Ross*, 892 N.E.2d 380, 383 (N.Y. 2008); *see also Hae Sheng Wang v. Pao-Mei Wang*, 96 A.D.3d 1005, 1007 (N.Y. App. Div. 2012).

Rutledge is pursuing the same claim already adjudicated in her first suit. She cannot escape the preclusive effect of the judgment in her first suit merely by adding as defendants two of Eli Lilly's corporate officers because they are in privity with the corporation. *See Simmons v. New York City Health & Hosps. Corp.*, 71 A.D.3d 410, 411 (N.Y. App. Div. 2010); *Prospect Owners Corp. v. Tudor Realty Servs. Corp.*, 260 A.D.2d 299, 300 (N.Y. App. Div. 1999). Finally, because New York courts would consider the dismissal of Rutledge's first suit on statute of limitations grounds a judgment on the merits, *see Smith v. Russell Sage Coll.*, 429 N.E.2d 746, 750 (N.Y. 1981); *Hae Sheng Wang*, 96 A.D.3d at 1007, claim preclusion bars her current claim.

**AFFIRMED**.