Barkagan v S&L Star Realty, LLC (2020 NY Slip Op 03759)





Barkagan v S&L Star Realty, LLC


2020 NY Slip Op 03759


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.


Decided on July 8, 2020 SUPREME COURT OF THE STATE OF NEW YORK Appellate Division, Second Ju [*1] CHERYL E. CHAMBERS, J.P. LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ. (Index No. 519737/17)
Simon Barkagan, etc., appellant, Becker & Poliakoff, LLP, New York, NY (Glenn H. Spiegel of counsel), for appellant. Mestechkin Law Group, P.C., Brooklyn, NY (Oleg A. Mestechkin and Wing K. Chiu of counsel), for 


DECISION & ORDER
 In an action, inter alia, to recover damages for breach of a lease, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated June 25, 2018. The order denied the plaintiff's motion, in effect, pursuant to CPLR 602(b) to remove a summary proceeding entitled S & L Star Realty, LLC v Barkagan, pending in the Civil Court, Kings County, under index No. 68613/17, to the Supreme Court, Kings to consolidate that proceeding with this action. ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion, in effect, pursuant to CPLR 602(b) to remove the summary proceeding entitled S & L Star Realty, LLC v Barkagan, pending in the Civil Court, Kings County, under index No. 68613/17, to the Supreme Court, Kings County, and to consolidate that proceeding with this action is granted; and it is further,
ED that the Clerk of the Civil Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Kings County, all papers filed in the proceeding entitled S & L Star Realty, LLC v Barkagan , and certified copies of all minutes and entries. On January 1, 2015, the plaintiff executed a five-year commercial lease with the defendant for a condominium unit in a building in Brooklyn for the purpose of operating a medical practice on the premises. In May 2017, the defendant commenced a summary proceeding against the plaintiff in the Civil Court, Kings County, to recover possession of the premises and unpaid rent. In October 2017, the plaintiff commenced this action against the defendant in the Supreme Court, Kings County, inter alia, to recover damages for breach of the lease. The plaintiff also moved, in effect, pursuant to CPLR 602(b) to remove the summary proceeding from the Civil Court to the Supreme Court and to consolidate it with the instant action. The Supreme Court denied the plaintiff's motion in an order dated June 25, 2018 (hereinafter the June 2018 order). The plaintiff appeals. The plaintiff thereafter moved before this Court for a stay of enforcement of the June 2018 order pending the hearing and determination of the appeal. In a decision and order on motion dated May 1, 2019, this Court granted the plaintiff's motion on the condition that the plaintiff continue to [*2]pay rent in accordance with the lease. Although the Civil Court is the preferred forum for the resolution of landlord-tenant disputes when the tenant may obtain full relief in a summary proceeding (see Post v 120 E. End Ave. Corp., 62 NY2d 19, 28; All 4 Sports & Fitness, Inc. v Hamilton, Kane, Martin Enters., Inc., 22 AD3d 512, 513), here, the lease provisions preclude the plaintiff from asserting counterclaims in the summary proceeding and the equitable relief sought by the plaintiff in the Supreme Court is unavailable to it in the summary proceeding in Civil Court (see NY City Civ Ct Act §§ 208, 209[b]; 212-a; Faith In Action Deliverance Ministries v 3231 Assoc., LLC, 168 AD3d 502; Kally v Mount Sinai Hosp., 44 AD3d 1010, 1011). The interests of justice and judicial economy also support the grant of the plaintiff's motion to remove the summary proceeding pending in the Civil Court to the Supreme Court and to consolidate that proceeding with the Supreme Court action so that the common issues of law and fact concerning the lease and the respective breaches alleged by each of the parties can be resolved in one forum (see Robinson v 47 Thames Realty, LLC, 158 AD3d 780, 781; Cantalupo Constr. Corp. v 2319 Richmond Terrace Corp., 96 AD3
CHAMBERS, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino Clerk of the Court