PS29 v State of New York (2024 NY Slip Op 05379)

PS29 v State of New York

2024 NY Slip Op 05379

Decided on October 31, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 31, 2024

CV-23-0870
[*1]PS29, as Parent and Guardian of PS30, Appellant,
v
State of New York, Respondent.

Calendar Date:September 6, 2024

Before:Garry, P.J., Egan Jr., Reynolds Fitzgerald, Ceresia and Powers, JJ.

Powers & Santola, LLP, Albany (Michael J. Hutter of counsel) and Bonina & Bonina, PC, Brooklyn (John Bonina of counsel), for appellant.
Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondent.

Ceresia, J.
Appeal from an order of the Court of Claims (W. Brooks DeBow, J.), entered January 19, 2023, which granted defendant's motion to dismiss the claim.
Claimant is the mother of a child who was sexually abused in 2018 by an individual named Angel Garcia. In 2014, Garcia had been sentenced to five years in prison for sexually abusing another minor. However, Garcia sought and obtained stays of the judgment, thereby delaying the service of his prison sentence while his appeals were pending. Garcia's appeals were exhausted when the Court of Appeals denied his application for leave to appeal in 2016, but the certificate denying leave was not delivered to the sentencing court, as statutorily required (see CPL 460.60 [1] [b]), until 2019. As a result, Garcia improperly remained at liberty for three years, during which time he abused claimant's child.
Claimant commenced this action against defendant, contending that its employee's negligence created the opportunity for Garcia to commit the abuse of her child. Defendant moved to dismiss, arguing, among other things, that claimant had failed to plead or allege any facts supporting a special duty on defendant's part. Claimant opposed, asserting that there should be an exception to the special duty rule in this instance. The Court of Claims disagreed and granted defendant's motion, prompting this appeal.
Before the government can be held liable for an employee's performance of a governmental function, it must be determined whether the employee was performing a discretionary or a ministerial act (see Lauer v City of New York, 95 NY2d 95, 99 [2000]; Esposito v State of New York, 112 AD3d 1006, 1008 [3d Dept 2013], lv denied 23 NY3d 905 [2014]). A discretionary act will not result in governmental liability even if negligently performed, whereas a ministerial act may lead to liability for negligence (see McLean v City of New York, 12 NY3d 194, 203 [2009]; Stevens & Thompson Paper Co. Inc. v Middle Falls Fire Dept., Inc., 188 AD3d 1504, 1505 [3d Dept 2020]). However, in such an instance, the claimant must establish that the governmental body owed a special duty to the injured party, beyond that owed to the general public (see Normanskill Cr., LLC v Town of Bethlehem, 160 AD3d 1249, 1250 [3d Dept 2018]).
Here, there is no dispute that the transmission of a certificate denying leave to appeal is a governmental function and, in particular, a ministerial act, thus triggering claimant's obligation to plead and prove a special duty owed by defendant to claimant's child. It is also uncontroverted that claimant did not and, in fact, cannot establish such a special duty. Instead, claimant argues that a narrowly drawn exception to the special duty rule should be created to govern this specific situation.
While we are not insensitive to what is essentially claimant's " 'invitation to relax the special relationship rule to accommodate an especially appealing class of cases' " (Maldovan v County of Erie, 39 NY3d 166, 175 [2022[*2]], quoting McLean v City of New York, 12 NY3d at 204), the Court of Appeals has repeatedly held that an exception to the rule was not warranted even in the most egregious situations (see e.g. Howell v City of New York, 39 NY3d 1006, 1010 [2022] [no exception where a domestic violence victim was pushed out of a third-story window]; Maldovan v County of Erie, 39 NY3d at 175 [no exception where an individual with developmental disabilities was tortured and murdered]; Ferreira v City of Binghamton, 38 NY3d 298, 315 [2022] [no exception where an unarmed person was shot in the stomach]). Indeed, "[s]pecial duty cases often [arise from] . . . sympathetic circumstances where emotions are charged and our shared humanistic intuition necessarily tempts us to disregard settled law in order to permit individual recovery" (Howell v City of New York, 39 NY3d at 1010 [internal quotation marks and citations omitted]). With that in mind, we find that the rationale underlying the special duty rule is fully at play here and consequently bars recovery.
The special duty/special relationship rule protects the government against "open-ended liability of enormous proportions" (Ferreira v City of Binghamton, 38 NY3d at 316 [internal quotation marks and citation omitted]) so that it does not become "an insurer against harm suffered by its citizenry at the hands of third parties" (Valdez v City of New York, 18 NY3d 69, 75 [2011]). The rule acknowledges that such liability could render the government "less, not more, effective in protecting [its] citizens" (Maldovan v County of Erie, 39 NY3d at 174 [internal quotation marks and citation omitted]).
Claimant argues that the requested exception would not result in limitless liability on the part of the government because it would only apply to a highly circumscribed set of facts arising in a minimal number of cases — that is, the failure of the Clerk of the Court of Appeals to deliver to the sentencing court a certificate denying leave to appeal in instances where a criminal defendant is at liberty upon a stay of judgment. Claimant's focus, however, is too narrow. There are countless other instances where government officials, both within and outside of the court system, are charged with the ministerial act of filing or transmitting various documents, the negligent failure of which could potentially result in harm to any number of people. As the Court of Appeals has recognized, the allowance of purportedly narrow exceptions on an ad hoc basis could "have far-reaching effects in future cases" in terms of precedential value (Lauer v City of New York, 95 NY2d at 105). Accordingly, the Court of Claims appropriately upheld the special duty requirement and granted defendant's motion to dismiss.
In reaching our conclusion, we further note that governmental bodies must be allowed "to allocate resources where they would most benefit the public and ensure that the prime concern is not the avoidance of tort liability but the promotion of [*3]the public welfare" (Ferreira v City of Binghamton, 38 NY3d at 316 [internal quotation marks, brackets and citation omitted]). Claimant's remaining contentions, to the extent not specifically addressed herein, have been considered and determined to be without merit.
Garry, P.J., Egan Jr., Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.