Eighmey v Conigliaro (2024 NY Slip Op 51532(U))

[*1]

Eighmey v Conigliaro

2024 NY Slip Op 51532(U)

Decided on November 12, 2024

Supreme Court, Ulster County

Gandin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 12, 2024
Supreme Court, Ulster County

Frank Eighmey and Pam Eighmey, Plaintiffs,

against
Vincent P. Conigliaro, REGINA CONIGLIARO, SALVIN DESIGN, INC., JOSEPH E. KAROLYS, THE ESTATE OF SALVATORE & LOUISE CONIGLIARO, VINCENT CONIGLIARO, AS EXECUTOR OF THE ESTATE OF SALVATORE & LOUISE CONIGLIARO, THE TOWN OF WOODSTOCK, a municipal corporation of the State of New York, THE TOWN BOARD OF THE TOWN OF WOODSTOCK and BILL MCKENNA, in his capacity as Town Supervisor for the Town of Woodstock, Defendants.
VINCENT P. CONIGLIARO AS EXECUTOR OF THE ESTATE OF SALVATORE A. CONIGLIARO, Plaintiff,
against
JOSEPH E. KAROLYS, individually and d/b/a J. KAROLYS LAND DEVELOPMENT CONTRACTORS and/or J. KAROLYS and SON, RACHEL KAROLYS, MICHAEL SEAN CUMMINS, GINA CONIGLIARO and ELTON GERMAN a/k/a BUTCH GERMAN, Defendants.

Index No. EF2023-2825

Plaintiffs: Catania, Mahon & Rider, PLLC (John William Furst, Esq. and James Salvatore Arrabito, Esq.)
Defendants: Harris Beach PLLC (Daniel Robert Lecours, Esq.) for Vincent P. Conigliaro and The Estate of Salvaztore & Louise Conigliaro; George W. Redder, Esq. for Salvin Design, Inc; Gerber Ciano Kelly Brady LLP (Matthew S Lerner, Esq. and Thomas Paul Armstrong, Esq.) for Joseph A Karolys; Van Dewater & Van Dewater, LLP (Kyle William Barnett, Esq.) for Town of Woodstock, The Town Board of the Town of Woodstock and Bill Mckenna in his capacity as the Town Supervisor of the Town of Woodstock.

David M. Gandin, J.

The following papers were read and considered on defendants' motion to dismiss:
1. Notice of Motion;
2. Affirmation in Support;
3. Memorandum of Law in Support;
4. Memorandum of Law in Opposition;
5. Reply Affirmation.
Plaintiffs Frank and Pam Eighmey are owners of 59 Reynolds Lane, a residential property in the Town of Woodstock. The lot adjoins property owned by defendant the Estate of Salvatore & Louise Conigliaro ("the estate"). Plaintiffs allege that the executor of the estate Vincent P. Conigliaro ("Conigliaro") contracted with defendant Joseph E. Karolys ("Karolys") to import and deposit approximately 2,800 cubic yards of contaminated soil and fill to the estate's property. They assert that the fill eroded onto their property diverting the flow of rainwater, groundwater water and contaminating their well water. Plaintiffs maintain that defendants Town of Woodstock, the Town Board of the Town of Woodstock and Bill McKenna (collectively, "the Town") made representations that the Town would remediate the contamination but have yet to take any action. Plaintiffs further assert that the Town breached a duty of care owed to plaintiffs in approving Conigliaro's remediation plan which violated Town law and exacerbated the damage to their property.
On June 22, 2023, plaintiffs commenced a hybrid article 78 and declaratory judgment action (Frank Eighmey et al. v. The Town of Woodstock et al., Ulster County Court Index No. EF2023-1411) challenging the legality of the Town issued remediation permit, seeking a declaration that the continued presence of the contaminated materials on the estate's property violated local law and an order directing the Town to remove the fill. On December 8, 2023 the Court issued a Decision and Order vacating the permit but denying plaintiff's remaining claims against the Town.
Plaintiffs' commenced the instant action on November 22, 2023 while the prior action was still pending. The only claims raised against the Town defendants was for a declaration that the presence of the fill constitutes a violation of plaintiffs' right to clean water and a healthful environment under the New York State Constitution (see NY Const art. I, § 19). As relief for this claim they sought an order requiring all named defendants to immediately remove the fill and abate any environmental damages to plaintiffs' property. In March 2024, plaintiffs filed an amended complaint asserting additional causes of action against the Town seeking damages for negligence and based on an alleged a civil conspiracy. The Town now moves to dismiss pursuant to CPLR 3211(a)(5) and (7).
The Town maintains that plaintiffs' claims are barred by the doctrine of res judicata. Specifically, they cite to the Court's holding in the prior hybrid action that municipal determinations about whether to enforce local laws "are not subject to judicial oversight in a [*2]civil suit or by way of mandamus" and that "[w]hether the remediation was adequate and in compliance with Town law is a discretionary determination for Town officials." Defendants contend that the foregoing constitutes a final adjudication on the merits of the claims plaintiffs raise in the instant action. To the extent the claims differ than those previously raised, movants contend that plaintiffs could have but did not assert these theories of liability in the prior proceeding. Alternatively, the Town contends that plaintiffs have failed to state causes of action upon which they can recover damages.
Plaintiffs maintain that their claims are not precluded because the prior judgment was not a final adjudication on the merits. They assert that the prior dismissal of their claims against the Town was solely based on an adjudication that the remedies sought were not available within the context of a CPLR article 78 proceeding. Plaintiffs also assert that compensatory damages were not available as a remedy in the prior action (see CPLR 7806). Plaintiffs contend that the Court's judgment explicitly "left the door open for further litigation on...the Town's obligation to perform or oversee a cleanup at the Site..." and that in commencing the instant action plaintiffs are merely relying on direction the Court provided. They assert that they have stated a claim in negligence based on the existence of a special duty and have a private cause of action based on the alleged constitutional violation.
"The doctrine of res judicata provides that once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." Bd. of Fire Commissioners of the Fairview Fire Dist. v. Town of Poughkeepsie Planning Bd., 156 AD3d 624, 627 (2d Dept 2017). "The rationale for the doctrine is that a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again; allowing relitigation would undermine the interest of the community and the litigants in finality." Hae Sheng Wang v. Pao-Mei Wang, 96 AD3d 1005, 1007 (2d Dept 2012). "This State has adopted the transactional analysis approach in deciding res judicata issues... [O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." O'Brien v. City of Syracuse, 54 NY2d 353, 357 (1981). "When alternative theories are available to recover what is essentially the same relief for harm arising out of the same or related facts such as would constitute a single 'factual grouping', the circumstance that the theories involve materially different elements of proof will not justify presenting the claim by two different actions." Id., at 357-358 (1981). "The burden rests upon the proponent of collateral estoppel to demonstrate the identicality and decisiveness of the issue, while the burden rests upon the opponent to establish the absence of a full and fair opportunity to litigate the issue in the prior action or proceeding." Parker v. Blauvelt Volunteer Fire Co., Inc., 93 NY2d 343, 349 (1999).
Plaintiffs negligence and declaratory judgment causes of action are premised upon the same series of transactions and seek redress for the same wrongs as the prior litigation. The allegations of fact in the complaint are materially identical. In the prior action plaintiffs sought an order requiring the Town of Woodstock to remediate allegedly contaminated soil and fill on [*3]their property. The Court denied the claims finding that mandamus did not lie to compel the performance of a discretionary Town function.[FN1]
Plaintiffs now seek essentially the same relief through a claim of negligence to obtain monetary damages as measured by the cost to remediate. Plaintiffs could have raised their negligence and their current declaratory judgment causes of action in the prior proceeding. That the form of the instant litigation is an action versus a combined article 78/declaratory hybrid proceeding as with the preceding matter, or that the remedy sought is damages instead of CPLR article 78 relief, in itself is not enough to overcome the conclusion that plaintiffs' claims are barred by res judicata. See Yerg v. Bd. of Educ. of Nyack Union Free School Dist., 141 AD2d 537 (2d Dept 1988). Although plaintiffs are correct that the monetary damages that they now seek are unavailable in the context of an article 78 proceeding, nothing restricted plaintiffs from including their damages claim arising from the same facts in the prior hybrid litigation. See generally 517-525 W. 45 LLC v. New York City Dept. of Hous. Preserv. & Dev., 225 AD3d 478 (1st Dept 2024).
Rather than raise their claims in the prior litigation, plaintiffs waited till the Court issued judgment denying their causes of action against the Town and then moved on March 21, 2024 to amend their complaint to bring the claims they assert herein against the Town. The amendment to the pleadings, which for the first time asserted plaintiffs' theory of negligence premised on the Town assuming a special duty to plaintiffs, appears to have been designed to circumvent the Court's December 8, 2023 judgment absolving the Town from liability for their failure to perform discretionary acts and afford plaintiffs' a chance to refine their theory of liability and a second opportunity to litigate against the Town defendants based on the same transactions.
As the Court's December 8, 2023 judgment in the prior hybrid proceeding constituted a final adjudication of plaintiffs' claims against the Town, the doctrine of res judicata bars plaintiffs' attempts to relitigate that determination. Plaintiffs had a full and fair opportunity to litigate their claims against the Town. Thus, res judicata bars them from now asserting new claims against the Town arising out of the same transaction or series of transactions even if based upon different theories or if seeking a different remedy. Allowing such an action to proceed would undermine the very purpose of the doctrine, to preclude the filing of multiple actions against the same party seeking the same relief, even if under different theories of liability. See Ryan v. New York Tel. Co., 62 NY2d 494, 500 (1984); Hae Sheng Wang, supra at 1007.
Plaintiffs' assertion that the Court's judgment invited further litigation against the Town in [*4]the form of a plenary action is misplaced. Plaintiffs misinterpret the judgment in citing to the Court's observation that plaintiffs are not without remedies which may be pursued in the form of a plenary action "against the alleged tortfeasor." The Court was merely stating in dicta that rather than pursuing mandamus relief against a municipality for environmental damages caused by a property owner, the relief could be sought directly against that property owner. Matter of Dyno v. Vil. of Johnson City, 261 AD2d 783 (3d Dept 1999), cited by the Court in support of its observation, directly stands for this proposition. Accordingly, application of the doctrine of res judicata does not inequitably foreclosure plaintiffs' ability to seek the proper relief for the harm they allegedly suffered. Compare Parker, supra.
In addition to all of plaintiff's claims against the Town defendants being barred by res judicata, plaintiffs' amended complaint fails to state a viable cause of action for negligence. Plaintiffs' allege that the Town may be held liable in negligence because it voluntarily assumed a special duty to remediate the contamination on plaintiffs' property. "Before the government can be held liable for an employee's performance of a governmental function, it must be determined whether the employee was performing a discretionary or a ministerial act." PS29 v. State, 2024 NY Slip Op 05379 (3d Dept Oct. 31, 2024). "[D]iscretionary municipal acts may never be a basis for liability, while ministerial acts may support liability only where a special duty is found." McLean v. City of New York, 12 NY3d 194, 202 (2009). The enforcement of zoning laws is a discretionary governmental function. It is not ministerial and thus cannot serve as the basis for liability under a special duty theory of negligence. Regardless of whether the amended complaint adequately pleads the assumption of a special duty, the facts as alleged are legally insufficient to enable the plaintiffs to recover in negligence. Plaintiffs' cause of action alleging a civil conspiracy also fails to state a claim. Civil conspiracy does not exist as an independent cause of action. See Heslin v. Metro. Life Ins. Co., 287 AD2d 113 (3d Dept 2001). Wherefore, it is
ORDERED that the motion is granted and that plaintiffs' claims against the Town of Woodstock, the Town Board of the Town of Woodstock and Bill McKenna are dismissed.
The foregoing constitutes the decision and order of the Court. The signing of this decision and order shall not constitute entry or filing under CPLR §2220. Counsel is not relieved from the applicable provisions of that rule regarding notice of entry.
Dated: November 12, 2024
Kingston, New York
HON. DAVID M. GANDIN, JSC

Footnotes

Footnote 1:While generally an order granting dismissal of a claim for failure to state a cause of action is not a determination on the merits, such determination has preclusive effect as to new complaints which assert causes of action which fail to correct the defect in the earlier complaint. See Blake v. City of New York, 144 AD3d 1071 (2d Dept 2016). Unless an application for mandamus is denied without prejudice, or leave is granted or the application is made under a new state of facts, a former determination denying such an order is barred by res judicata. See In re Eiss, 205 AD 691 (4th Dept 1923).