Hafter v Sferrazzo (2025 NY Slip Op 02573)

Hafter v Sferrazzo

2025 NY Slip Op 02573

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2022-05969
 (Index No. 601476/22)

[*1]Jo-Rae Hafter, appellant, 
v
Veronica Sferrazzo, etc., respondent.

Ira Bierman, Jericho, NY, for appellant.

DECISION & ORDER
In an action to impose a constructive trust, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered July 22, 2022. The order denied the plaintiff's motion pursuant to CPLR 602, in effect, to stay a holdover proceeding entitled DeMato v Hafter, pending in the District Court, Nassau County, under Index No. LT-002531-20, to remove that proceeding to the Supreme Court, Nassau County, and to consolidate that proceeding with this action.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion pursuant to CPLR 602, in effect, to stay a holdover proceeding entitled DeMato v Hafter, pending in the District Court, Nassau County, under Index No. LT-002531-20, to remove that proceeding to the Supreme Court, Nassau County, and to consolidate that proceeding with this action is granted.
In February 2022, the plaintiff commenced this action to impose a constructive trust on certain real property located in Valley Stream (hereinafter the subject property). The plaintiff alleged that she and her husband owned the subject property. The plaintiff further alleged that she and her husband fell behind on their mortgage payments and that Florence DeMato (hereinafter the decedent), the plaintiff's aunt, offered to help the plaintiff and her husband by paying off their mortgage loan in exchange for the subject property being transferred to DeMato. According to the plaintiff, the decedent promised the plaintiff that she and her husband could continue residing in the subject property as long as they paid the carrying charges and maintained the subject property, and that upon the decedent's death, the subject property would be transferred to the plaintiff, or if the subject property was sold, the net proceeds would be paid to the plaintiff. The plaintiff alleged that based upon these promises, the plaintiff and her husband conveyed the subject property to the decedent.
In November 2020, the decedent commenced a holdover proceeding in the District Court, Nassau County, to evict the plaintiff and her adult children from the subject property. During the pendency of the holdover proceeding, the decedent died, and the defendant was appointed executor of her estate. In this action, the plaintiff moved pursuant to CPLR 602, in effect, to stay the holdover proceeding, to remove that proceeding to the Supreme Court, Nassau County, and to consolidate that proceeding with this action. In an order entered July 22, 2022, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
Thereafter, the plaintiff moved before this Court for a stay of all matters in the holdover proceeding pending the hearing and determination of the instant appeal. In a decision and order on motion dated December 16, 2022, this Court granted the plaintiff's motion on the condition that the appeal be perfected by January 17, 2023. The appeal was timely perfected by the plaintiff.
Generally, "the [District] Court is the preferred forum for landlord-tenant disputes, and a summary proceeding should be removed only where the [District] Court is unable to afford the parties complete relief" (Spain v 325 W. 83rd Owners Corp., 302 AD2d 587, 587). However, "'[w]here common questions of law or fact exist, a motion to consolidate [pursuant to CPLR 602(b)] should be granted absent a showing of prejudice to a substantial right by the party opposing the motion'" (Hae Sheng Wang v Pao-Mei Wang, 96 AD3d 1005, 1009, quoting Kally v Mount Sinai Hosp., 44 AD3d 1010, 1010).
Here, the plaintiff's constructive trust action involves issues of law and fact in common with those in the holdover proceeding, and the defendant did not make a showing that removal and consolidation would prejudice a substantial right (see Estate of Uddin v Miah, 229 AD3d 764, 767; Barkagan v S & L Star Realty, LLC, 185 AD3d 643, 645; Hae Sheng Wang v Pao-Mei Wang, 96 AD3d at 1009). Moreover, the District Court does not have the authority to grant the equitable relief of a constructive trust. Accordingly, the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 602, in effect, to stay the holdover proceeding, to remove that proceeding to the Supreme Court, Nassau County, and to consolidate that proceeding with this action (see Estate of Uddin v Miah, 229 AD3d at 767; Barkagan v S & L Star Realty, LLC, 185 AD3d at 644-645; Hae Sheng Wang v Pao-Mei Wang, 96 AD3d at 1009).
BRATHWAITE NELSON, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court